537 A.2d 250

**Peter CHU et al.**

v.

**ANNE ARUNDEL COUNTY, Maryland.**

**No. 40, Sept. Term, 1987.**

Court of Appeals of Maryland.

Feb. 16, 1988.

Daniel F. Goldstein (Elizabeth M. Kameen, Brown & Goldstein and Andrew Radding, Blades & Rosenfeld, on the brief), Baltimore, for appellant.

Gary E. Bair, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen., on the brief), Baltimore, for appellee.

Argued before MURPHY, C.J., and ELDRIDGE, COLE, RODOWSKY, McAULIFFE, ADKINS and BLACKWELL, JJ.

RODOWSKY, Judge.

Maryland Code (1957, 1982 Repl. Vol., 1987 Cum. Supp.), Art. 27, § 551 comprises the subtitle on "Search Warrants" and, according to the codifier's catch line, deals with "[i]ssuance; contents; time of search, etc.; disposition of property seized." Section 551(a) provides, *inter alia*, for a civil proceeding for the return of property taken under a search warrant if "there is no probable cause for believing the existence of the grounds on which the warrant was issued...." The petitioners in this case, Peter and Nancy Chu (the Chus), brought a § 551 civil action in which they advanced the theory that the statute incorporates, and expands with, judicial interpretations and applications of the

fourth amendment to the Constitution of the United States. This expanding construction, the Chus submit, includes the federal exclusionary rule applicable to the states as promulgated in *Mapp v. Ohio*, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961). The Circuit Court for Anne Arundel County ordered the return of records seized from the Chus. In *Anne Arundel County v. Chu*, 69 Md.App. 523, 518 A.2d 733 (1987), the Court of Special Appeals reversed and we granted the Chus' petition for certiorari. We shall hold that the intermediate appellate court correctly rejected the construction of § 551 advanced by the Chus.

Peter and Nancy Chu are dentists who practice their profession together from an office building in Odenton where they display a sign, "Odenton Dental Care." On November 1, 1985, an investigator for the State's Attorney for Anne Arundel County applied for a warrant to search the Chus' office premises for designated types of records relevant to an investigation which involved possible fraud on insurers of the costs of dental care. In his affidavit supporting the application the investigator first presented certain information received from the representative of a commercial insurer. The affidavit then stated:

> Based upon the above information and the assumption that a Maryland dentist would make substantial dental insurance claims to Maryland Blue Cross/Blue Shield, your affiant requested Maryland Blue Cross/Blue Shield to conduct an audit of the Odenton Dental Care, which was and is operated by Drs. Nancy and Peter Chu in September of 1985.

Thereafter the affiant set forth information received from Maryland Blue Cross/Blue Shield. The warrant was issued and executed on the day of the request.

Approximately two months later the Chus moved for return of the seized records pursuant to § 551. No criminal proceedings which the parties consider relevant to this case have ever been brought against the Chus, or either of them. Nor is there any contention that, if all of the information contained in the affidavit in support of the search warrant

is considered, there is any want of probable cause to support the warrant.

As presented to us the argument in support of return of the property involves a number of steps. The first step requires a legal determination that the reference to probable cause contained in § 551 embraces the exclusionary rule applied to deter state agents from violating the fourth and fourteenth amendments. Next, it is submitted that the "requested" audit of the Chus by Maryland Blue Cross/Blue Shield was performed by an agent of the State of Maryland and that any purported consent to that audit had no legal effect. Since the audit is said to have infringed the Chus' fourth and fourteenth amendment rights, all information obtained through the "requested" audit must be excised from the affidavit when reviewing it for probable cause. The final step requires concluding that, in redacted form, the affidavit fails to present probable cause to support issuance of the search warrant. Because we do not accept the first step of the Chus' submission we do not reach the factual and legal issues of the remaining steps in the argument.

This case is one of statutory construction. The Chus do not argue that in proceedings under a § 551 petition for the return of seized property any federal constitutional exclusionary rule operates directly on evidence offered to justify the seizure or retention. Rather, their position is that where the § 551 petition is predicated on an alleged want of probable cause to support the search warrant the concept of probable cause contained in § 551(a) must be regarded "as requiring interpretation in the light of evolving Fourth Amendment decisional law." To present and evaluate this argument more fully, we must first review the history of exclusionary rules at the federal level and in Maryland.

In *Lawrence v. State*, 103 Md. 17, 63 A. 96 (1906), the defendant argued for the exclusion of certain evidence obtained in the warrantless search of a satchel he had left at a public hotel. 103 Md. at 32, 63 A. at 101. This Court interpreted the objection to be predicated on the manner in

which the evidence was obtained. The evidence seized in *Lawrence* included certificates for shares of stock in a gold mining company and was relevant to the scienter element of the false pretenses charge. Quoting from *Commonwealth v. Tibbetts*, 157 Mass. 519, 32 N.E. 910 (1893), this Court said that " '[e]vidence which is pertinent to the issue is admissible although it may have been procured in an irregular or even an illegal manner.' " 103 Md. at 36, 63 A. at 103.

In 1914 the Supreme Court first clearly espoused a rule excluding property seized in an unlawful search and seizure. The rule applied only to federal law enforcement officials. *See Weeks v. United States*, 232 U.S. 383, 34 S.Ct. 341, 58 L.Ed. 652. In 1928 this Court was urged to apply the *Weeks*'s exclusionary rule to Maryland law enforcement officers but declined to do so in a four to three decision. *See Meisinger v. State*, 155 Md. 195, 142 A. 190.

The next year the General Assembly by Ch. 194 of the Acts of 1929 enacted an exclusionary rule limited to misdemeanors. This statute was known as the Bouse Act. As amended from time to time in particulars not here relevant, this statutorily based Maryland exclusionary rule remained part of the Maryland Code in Art. 35, "Evidence," until the Bouse Act was repealed in 1973.

The statute with which we are concerned, § 551 of Art. 27, had its genesis in Ch. 749 of the Acts of 1939. Its "central purpose ... was to set out the requirements for obtaining a search warrant." *In re Special Investigation No. 228*, 54 Md.App. 149, 160, 458 A.2d 820, 826 (1983). The 1939 enactment went on to provide circumstances, including the lack of probable cause, under which property that had been seized under a warrant should be restored to the person from whom it was taken. Section 551 in relevant part today reads:

> (a) Whenever it be made to appear to any judge ... by written application signed and sworn to by the applicant, accompanied by an affidavit[s] containing facts within the personal knowledge of the affiant[s], that there is proba-

ble cause, the basis of which shall be set forth in said affidavit[s], to believe that any misdemeanor or felony is being committed by any individual or in any building, apartment, premises, place or thing within the territorial jurisdiction of such judge, or that any property subject to seizure under the criminal laws of the State is situated or located on the person of any such individual or in or on any such building, apartment, premises, place or thing, then the judge may forthwith issue a search warrant directed to any duly constituted policeman, or police officer authorizing him to search ... and to seize.... If, at any time, on application to a judge ... it appears ... that there is no probable cause for believing the existence of the grounds on which the warrant was issued ... said judge must cause it to be restored to the person from whom it was taken. In the discretion of the judge, an oral motion made in open court may be received at any time making application for the return of seized property if the application for return is based on the grounds ... that there is no probable cause for believing the existence of the grounds on which the warrant was issued.... If the judge grants the oral motion, the order of the court shall be in writing and a copy of the order shall be sent to the State's Attorney. If the judge rejects the proffer on an oral motion and requires the person from whom the property was taken to proceed for return of the seized property by petition and an order to show cause to the police authority seizing the property and it is subsequently ordered that the property be restored to the person from whom it was taken, court costs shall not be assessed against the petitioner.

After *Wolf v. Colorado,* 338 U.S. 25, 69 S.Ct. 1359, 93 L.Ed. 1782 (1949) had held that the fourteenth amendment did not require the states to adopt an exclusionary rule applicable to evidence derived from an illegal search and seizure, the Legislature amended § 551 by Ch. 74 of the Acts of 1958. As discussed, *infra,* the introductory form of that legislation would have provided an exclusionary rule

which was unlimited with respect to the nature of the offense involved. The General Assembly struck that proposed exclusionary rule from the bill before enactment.

The 1961 landmark decision in *Mapp v. Ohio, supra,* overruled *Wolf* and extended to the states the requirement that evidence obtained by an unconstitutional search and seizure must be excluded from criminal prosecutions. As a result of *Mapp* the Maryland Legislature repealed the Bouse Act by Ch. 2 of the Acts of the First Special Session of 1973, as part of the project to revise the Maryland Code.[1]

This chronological review brings into sharp focus the initial hurdles which the Chus must clear for their argument to prevail.[2] The Chus have brought a civil action against Anne Arundel County to regain possession of their records. The county's defense is that the seizure was made pursuant to a search warrant based on probable cause. Faced with the investigator's affidavit which contains ample information to constitute probable cause, the Chus find themselves in need of a legal scalpel to excise masses of information from the body of the affidavit. But § 551 was enacted before the federal constitutional exclusionary rule to deter illegal searches and seizures became applicable to the states. At the time of enactment the Maryland statutorily based exclusionary rule applied only to criminal trials of persons charged with misdemeanors.[3] When the Chus

---

**1.** Chapter 2 enacted the Courts and Judicial Proceedings Article. That article includes certain sections from former Art. 35, "Evidence," but the Bouse Act, which had been §§ 5 and 6 of Art. 35, was not retained. The General Revisor's Note to Title 10, "Evidence," of the Courts and Judicial Proceedings Article states that the "Bouse Act" is "Repealed" and comments, "[S]imilar statute held unconstitutional; see *Mapp v. Ohio,* 367 U.S. 643 [81 S.Ct. 1684, 6 L.Ed.2d 1081] (1961)." 1973 Md.Laws, 1st Sp. Session, at 332.

**2.** We do not intimate by the foregoing review any opinion as to whether an exclusionary rule might operate under Maryland law in contexts other than that of § 551.

**3.** The Bouse Act in relevant part then read:
No evidence in the trial of misdemeanors shall be deemed admissible where the same shall have been procured by, through, or in

moved for the return of property under § 551 the Bouse Act had long since been repealed but the United States Constitution had been interpreted to require an exclusionary rule for illegal searches and seizures applicable to the states. Within these constraints the proposition urged by the Chus is that § 551 produces the desired result by expanding to accommodate evolving fourth amendment law, including *Mapp* and its progeny. We disagree.

The process of statutory construction cannot be stretched to accommodate the result sought here. Section 551 contains no clear textual support for the Chus' position. They seem to rest their incorporation of federal law into § 551 on the statute's provision that a lack of probable cause is one instance warranting the return of seized property. It is true that in § 551 cases this Court has looked to decisions applying the fourth amendment to determine whether information presented in support of a search warrant qualitatively measures up to probable cause.[4] That use of fourth and fourteenth amendment cases, however, is not what is proposed here. We are being asked to import into the concept of probable cause in § 551, as a matter of Maryland statutory law, the federally created exclusionary rule in order to redact information from an affidavit supporting a warrant prior to determining probable cause in an action for the return of seized property.

---

consequence of any illegal search or seizure or of any search and seizure prohibited by the Declaration of Rights of this State. . . . [Md.Code (1939), Art. 35, § 5.]

**4.** This proposition is illustrated by the following statement cited by the Chus from *Rizzo v. State*, 201 Md. 206, 210, 93 A.2d 280, 282 (1952):

We are not infrequently reminded by counsel of our statement in *Wood v. State*, 185 Md. 280, 285, 44 A.2d 859, 861 [1945], that "The Bouse Act and the Act of 1939 [§ 551] amount to adoption *pro tanto* of the Supreme Court decisions under the Fourth Amendment." The context shows that the extent of *pro tanto* was the meaning of "illegal search and seizure" as dependent upon want of "probable cause".

The Chus present no historical evidence that a legislative purpose of § 551 was to absorb any later adopted federal exclusionary rule. Section 551 clearly did not embrace the then-existing rule of *Weeks* which this Court had rejected in *Meisinger* and which the General Assembly in 1929 had accepted only as to misdemeanors. Had the law been otherwise prior to *Mapp*, § 551, in and of itself, would have resulted in the suppression of illegally obtained evidence in felony cases. It is solely the extension of the federal constitutional exclusionary rule to the states via *Mapp*, and not via § 551, which now permits in criminal cases the exclusion from a search warrant application of facts obtained by an illegal search and seizure. *See, e.g., Everhart v. State,* 274 Md. 459, 337 A.2d 100 (1975); *Carter v. State,* 274 Md. 411, 337 A.2d 415 (1975).

The proposed amendment of § 551 in 1958 also demonstrates the total absence of any legislative purpose for § 551 to be the independent, freestanding, state law source of its own exclusionary rule. In introductory form the bill that became Ch. 74 of the Acts of 1958 would have provided in relevant part as follows:

[A]ny person aggrieved by any unlawful search and seizure may move the court for the county or city in which the property was seized for the return of the property and to suppress for use as evidence anything so obtained on the ground that (1) the property was illegally seized without a warrant, or (2) the warrant is insufficient on its face, or (3) the property seized is not that described in the warrant, or (4) there was not probable cause for believing the existence of the grounds on which the warrant was issued, or (5) the warrant was illegally executed, or (6) that the property was taken under a warrant issued more than fifteen (15) calendar days prior to the seizure. The judge then shall receive evidence on any issue of fact necessary to the decision of the motion. If the motion is granted, the property shall be restored and it shall not be admissible in evidence at any hearing or trial. The motion shall be made before trial or hearing unless opportu-

nity therefor did not exist or the defendant was not aware of the grounds for the motion, but the court in its discretion may entertain the motion at the trial or hearing.

This proposed exclusionary rule was stricken from the bill before enactment.

In a 1983 opinion for the Court of Special Appeals, *In re Special Investigation No. 228*, 54 Md.App. 149, 458 A.2d 820, Judge Charles E. Moylan, Jr. devoted fifty-two pages "to analyzing, parsing, and scrutinizing [§ 551] upside down, rightside up, and inside out...." *Anne Arundel County v. Chu*, 69 Md.App. at 533 n. 4, 518 A.2d at 738 n. 4. *Special Investigation No. 228* concluded that § 551 did not carry its own, independent exclusionary rule. The General Assembly has not modified § 551 in any way following that decision. This lack of modification indicates that the General Assembly did not consider that the Court of Special Appeals had misperceived the legislative purpose of § 551.

Although the Chus do not argue the direct applicability of the federal constitutional exclusionary rule to the instant proceedings, the applicability *vel non* of the federal rule bears on the statutory construction question. Here the records were seized under a search warrant by the State's Attorney for Anne Arundel County as part of an investigation which may or may not result in a criminal prosecution. The Chus seek the return of those records but they did not seek, in this proceeding, to prevent the prosecutor from using the information derived from the records while the records have been in the prosecutor's possession. In other words, the instant case is one step shy of a motion to suppress the use of the records in the investigation.

In *United States v. Calandra*, 414 U.S. 338, 94 S.Ct. 613, 38 L.Ed.2d 561 (1974), the owner of records which had been seized under a federal search warrant sought to suppress the use of the records in a federal grand jury investigation. A United States District Court ordered the evidence suppressed and returned to Calandra and further ordered that Calandra need not answer any grand jury questions based

on the suppressed evidence. This judgment was affirmed on direct appeal but the United States Supreme Court reversed, holding that the federal exclusionary rule did not apply. The Court reasoned as follows:

Any incremental deterrent effect which might be achieved by extending the rule to grand jury proceedings is uncertain at best. Whatever deterrence of police misconduct may result from the exclusion of illegally seized evidence from criminal trials, it is unrealistic to assume that application of the rule to grand jury proceedings would significantly further that goal. Such an extension would deter only police investigation consciously directed toward the discovery of evidence solely for use in a grand jury investigation. The incentive to disregard the requirement of the Fourth Amendment solely to obtain an indictment from a grand jury is substantially negated by the inadmissibility of the illegally seized evidence in a subsequent criminal prosecution of the search victim. For the most part, a prosecutor would be unlikely to request an indictment where a conviction could not be obtained. We therefore decline to embrace a view that would achieve a speculative and undoubtedly minimal advance in the deterrence of police misconduct at the expense of substantially impeding the role of the grand jury. [*Id.* at 351–52, 94 S.Ct. at 621–22, 38 L.Ed.2d at 573 (footnote omitted).]

Under *Calandra,* the federal exclusionary rule would not apply to suppress the use of the Chus' records in the Maryland prosecutor's investigation of possible crime. *A fortiori,* the federal rule does not apply to this civil proceeding brought by the Chus simply to obtain return of the records.

This means that the construction urged by the Chus requires not only that we incorporate into § 551 evolving fourth amendment law, including the federal exclusionary rule, but also that we expand, as a matter of Maryland statutory law, the federal exclusionary rule beyond the extent to which it constitutionally applies. In that unchart-

ed territory we would be guided in administering § 551 only by subjective discretion. That result is far beyond applying the process of construction to effect the legislative purpose of § 551. *See Kaczorowski v. City of Baltimore,* 309 Md. 505, 525 A.2d 628 (1987).

The Chus select *Harris v. State,* 203 Md. 165, 99 A.2d 725 (1953), *Adams, Nelson, and Timanus v. State,* 200 Md. 133, 88 A.2d 556 (1952) and *Kapler v. State,* 194 Md. 580, 71 A.2d 860 (1950) as the decisions which best point in the direction of holding that § 551 incorporates the rule of *Mapp.* *Kapler* is a relatively typical bookmaking case of the Bouse Act era. Evidence of the criminal gambling activities of which Kapler was convicted had been obtained by executing a search and seizure warrant. Kapler argued that the evidence was illegally obtained because there was insufficient probable cause on the face of the application to support the warrant. Had Kapler been successful in that contention, the second string to his bow was that the evidence should be suppressed under the Bouse Act from use at trial. *See Kapler v. State,* 194 Md. 580, 71 A.2d 860 (1949), Appellant's Brief at 10. *Kapler* does not indicate that, in a misdemeanor case, § 551 would use the Bouse Act exclusionary rule to excise from the search warrant application any facts obtained as the fruit of an illegal search and seizure.

*Adams et al.* is an appeal from a conviction for abortion. The appellants contended that the trial court had erroneously rejected their proffer to show that some of the facts in the affidavit supporting a search warrant had been obtained by telephone wiretapping. This Court found their argument to be without merit. At that time fourth amendment law concerning wiretapping was dominated by *Olmstead v. United States,* 277 U.S. 438, 48 S.Ct. 564, 72 L.Ed. 944 (1928). This Court expressed doubt as to whether there was any illegality, and further pointed out that no evidence obtained by a wiretapping was offered by the State. 200 Md. at 139, 88 A.2d at 559. The Court then referred to the rule that an affidavit in support of a search warrant which

is sufficient on its face cannot be contradicted. Moreover, the Court considered that, even if the information obtained by wiretapping were inadmissible, there existed other evidence sufficient to support the warrant. *Adams et al.* is of no real assistance to the Chus' position.

*Harris, supra,* is another appeal from a gambling conviction. The police had seized lottery paraphernalia in Harris's possession under a search warrant and that evidence was introduced at trial. Significant to the instant matter is the argument made by Harris.[5] She contended that under the then-existing version of § 551 [Code (1951), Art. 27, § 328] "the words 'that there is probable cause' must be read and construed and implied to mean 'probable cause other than that shown to be based upon an illegal search.' " *Harris v. State,* 203 Md. 165, 99 A.2d 725 (1953), Appellant's Brief at 24. Then, as an alternative argument Harris sought suppression under the Bouse Act of facts contained in the search warrant. *Id.* at 26. Underlying both theories was the contention that a police officer had trespassed onto the curtilage of Harris's dwelling in order to make the observations which formed the basis for the search warrant. This Court held that there was no trespass in making the observations. By resting its holding on the absence of illegality, *Harris* is similar to *Adams et al.*

The construction of § 551 urged by Harris did not even make its way into the opinion. Speaking through then Chief Judge Sobeloff, this Court said:

> At the conclusion of the testimony the Court overruled the appellant's motion to quash the warrant and her objections to the testimony as to the fruits of the search thereunder.
>
> The general rule as to the protection under the Bouse Act (Art. 35, Sec. 5, 1951 Code) against unreasonable

---

**5.** Appellate counsel for Harris was the late William J. O'Donnell who became State's Attorney for Baltimore City, a judge of the former Supreme Bench of Baltimore City and a judge of this Court. 278 Md. XXI–XXXII.

searches and seizures is well known and is not in controversy here. [203 Md. at 169, 99 A.2d at 727.]

In that pre-*Mapp* era it seems that the Court, when presented with an argument that evidence should be excluded, thought in terms of the Bouse Act, not § 551, as the authority for any excision.

We hold that § 551 does not contain an exclusionary rule. As a consequence the Chus may not use § 551 in an attempt to suppress evidence before the bell has sounded for round one of any criminal prosecution against them based on, or derived from, their records. In the present proceeding those records must be considered to have been seized under a warrant based on probable cause.

JUDGMENT OF THE COURT OF SPECIAL APPEALS AFFIRMED. COSTS TO BE PAID BY THE PETITIONERS.