LOUIS J. WORDIE ET AL. *v.* RONALD STAGGERS
(10388)

DUPONT, C. J., DALY and O'CONNELL, Js.

Argued March 24—decision released April 28, 1992

*Karen E. Souza,* with whom, on the brief, was *Alan E. Silver,* for the appellants (plaintiffs).

*William J. Massie, Jr.,* for the appellee (defendant).

DALY, J. The plaintiffs, Louis and Michelle Wordie, appeal from the trial court's judgment of dismissal rendered at the conclusion of the plaintiffs' evidence. The plaintiffs claim that, because they made out a prima facie case, the trial court abused its discretion in granting the defendant's motion to dismiss. We agree with the plaintiffs and reverse the decision of the trial court.

The plaintiffs sought damages for the defendant's unauthorized entrance on the plaintiffs' land and the removal of three trees located on the plaintiffs' land. In his pleadings, the defendant admitted that he had entered the plaintiffs' land, but claimed that he was authorized to do so. Louis Wordie testified that his daughter had called him and told him that the defendant was cutting down trees on the plaintiffs' property. There was no objection to the admission of this hearsay statement made by the plaintiffs' daughter who did not testify at trial. The plaintiffs' expert, a horticultural consultant, examined the plaintiffs' property approximately two months after the defendant had entered the plaintiffs' land in August, 1989. On the basis of his analysis, the expert concluded that the tree

and its branches had been cut down. The expert further testified as to the value of the trees.

At the conclusion of the plaintiffs' case, the defendant moved for a judgment of dismissal pursuant to Practice Book § 302. The defendant argued that the plaintiffs failed to establish a prima facie case that the defendant had cut the trees identified by the plaintiffs' expert. The court agreed with the defendant and rendered a judgment of dismissal. The plaintiffs appealed from that decision.

When reviewing a judgment of dismissal rendered pursuant to Practice Book § 302, the issue is "whether sufficient facts were proved to make out a prima facie case." *Angelo Tomasso, Inc.* v. *Armor Construction & Paving, Inc.,* 187 Conn. 544, 547–48, 447 A.2d 406 (1982). "The evidence offered by the plaintiff[s] is to be taken as true and interpreted in the light most favorable to [them], and every reasonable inference is to be drawn in [their] favor." Id., 548. Whether the plaintiffs established a prima facie case is a question of law. Id., 561.

The plaintiffs established a prima facie case. In his answer, the defendant admitted having been on the plaintiffs' land. There was evidence indicating that the plaintiffs did not authorize the defendant to be on their land. The hearsay statement by the plaintiffs' daughter that the defendant was cutting down trees was admitted without objection. This was sufficient to establish the defendant's removal of the trees.

The defendant argues that the plaintiffs failed to offer proof of the reasonable value of the trees that were removed. Therefore, the plaintiffs did not establish the essential element of damages and failed to make a prima facie case. Even if the plaintiffs failed to prove actual damages with reasonable certainty, they would be entitled to at least nominal damages for the wrong-

ful invasion of their property. *Patalano* v. *Chabot,* 139 Conn. 356, 362, 94 A.2d 15 (1952).

"Although the plaintiffs may not have presented a strong case for obtaining relief, even a weak case may be strong enough to withstand the zephyr of an evidentiary nonsuit." *Hinchliffe* v. *American Motors Corporation,* 184 Conn. 607, 622, 440 A.2d 810 (1981). The plaintiffs are entitled to a new trial because the trial court improperly granted the defendant's motion to dismiss. See *Falker* v. *Samperi,* 190 Conn. 412, 427, 461 A.2d 681 (1983).

The judgment is reversed and the case is remanded for a new trial.

In this opinion the other judges concurred.