[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION GRANTING DEFENDANT P.M. REFUSE, INC.'S MOTION FOR JUDGMENT OF DISMISSAL FOR FOR FAILURE TO MAKE OUT A PRIMA FACIE CASE PURSUANT TO PRACTICE BOOK SECTION 302 CT Page 2389
This action by summons and complaint, dated August 23, 1990, claiming damages for tortious interference of a contract and violation of Connecticut's Unfair Trade Practice Act came to this court on the second Tuesday of September, 1990, thence to August 10, 1992, when the plaintiff withdrew the first and second counts of its four count complaint, which resulted in the discontinuance of the action against the defendant Sanitary Services, Inc., and left in place counts three and four against the defendant P.M. Refuse, Inc. (P.M.), thence to the present time when the plaintiff, Dainty Rubbish Services, Inc. (Dainty) and P.M. appeared and were at issue.
After the plaintiff rested, the court granted P.M.'s motion to dismiss for failure of the plaintiff to make out a prima facie case, pursuant to Practice Book Section 302.
In granting P.M.s' 302 motion the court was guided by the principles and precedent controlling the granting of a 302 motion.
A trial court can dismiss an action where it believes the plaintiff has failed to make out a prima facie case. Practice Book Section 302; Season-All Industries, Inc., v. R. J. Grosso, Inc., 213 Conn. 486, 493, 569 A.2d 32 (1990). "[W]hen the evidence produced by the plaintiff, if fully believed, would not permit the trier in reason to find the essential issues on the complaint in favor of the plaintiff," dismissal under Practice Book Section 302 is appropriate. Hinchliffe v. American Motors Corporation, 184 Conn. 607, 609, 440 A.2d 810 (1981). Gulycz v. Stop Shop Company, 29 Conn. App. 519 523, 615 A.2d 1087
(1992). A Section 302 motion is properly considered at the close of the plaintiff's evidence. Carnese v. Middleton, 27 Conn. App. 530,539, 608 A.2d 700 (1992).
Further in considering a 302 motion a trial court must consider all of the plaintiffs evidence to be true. Hinchliffe v. American Motors Corporation, supra, 609-10; Bolmer v. Kocet,6 Conn. App. 595, 603, 507 A.2d 129 (1986). Further, a trial court must draw all reasonable inferences in the plaintiff's favor. Pagni v. Corneal, 13 Conn. App. 468, 470, 537 A.2d 250, cert. denied, 207 Conn. 810, 541 A.2d 1239 (1988).
The plaintiff presented the following evidence which the court takes to be true. CT Page 2390
That the plaintiff signed a purported service agreement with Century Hills 84 Management (Century) which provided that Dainty would be responsible for the removal of waste from Century Condominium complex for the promise by Century that it would pay Dainty the sum of $5,500.00 per month At the close of the first month, Dainty billed Century in the amount of $14,417.30 which included the $5,500.00 monthly fee plus a dumping or tipping fee in the amount of $7,849.35 plus tax in the amount of $1,067.95.
The plaintiff also presented the testimony of a representation of Century, which under its mandate in ruling on a 302 motion the court also takes as true. Century testified that in accepting Dainty's offer of $5,500.00 service charge per month it did under the belief that the $5,500.00 included the tipping fee. Dainty's representative testified that he "forgot" to include the tipping fee until he got back to the office and remembered that he under a previous contract neglected "to bill tipping fees.
The court in ruling on the plaintiff 302 motion had only the plaintiffs evidence to consider. The plaintiff presented Century's testimony which the court must also consider as true. The plaintiff presented testimony which taken a true, prevents the court from finding that a contract existed between Dainty and Century. There cannot be a contract where there is no meeting of the mind. Dainty believed that $5,500.00 service charge did not include tipping fees, Century did. Clearly, the parties could be no further apart. The first billing exceeded the $5,500.00 service charge by almost $8,000.00.
Meeting of minds and mutuality of assent are the most basic ingredients of a contract. Housing Authority v. McKenzie36 Conn. Sup. 515, 518. All true contracts grow out of the intention of the parties to the transactions and are dictated by their mutual and accordant wills. Gustave Fischer Co. v. Morrison,137 Conn. 399, 403. This court finds, as a matter of fact, that there was no mutual assent and no meeting of the minds between Century and Dainty and therefore concludes as a matter of law that the plaintiff failed to establish a prima facie case. "Whether the plaintiff established a prima facie case is a matter of law." Wordie v. Staggers, 27 Conn. App. 463, 465, 606 A.2d 734
(1992); Angelo Tomasso, Inc. v. Armor Construction and Paving, Inc., 187 Conn. 544, 561, 447 A.2d 406 (1982). "We must determine CT Page 2391 whether the trial court properly determined that the plaintiff failed to provide sufficient evidence to support his prima facie case." Ivimey v. Watertown, 30 Conn. App. 742, 751,622 A.2d 603, cert. denied, 226 Conn. 902, 625 A.2d 1375 (1993).
The plaintiff presented the contradictive evidence in this case which taking such evidence as true precludes the court from finding mutual assent. The plaintiff did not make out a prima facie case that a contract existed between Century and itself.
The plaintiff argues that if no contract exists, P.M., interfered with a business relationship. Count three of the plaintiff's complaint sounds in interference with a contractual right. The count was pleaded, tried and adjuticated as an interference with a contract right.
As to the plaintiffs' fourth count, that P.M. violated CUTPA, Gen. Stat. Sections 42-110a et. seq., the plaintiff offered not a scintilla of evidence indicating that P.M. engaged in any "unfair, unethical, unscrupulous and deceptive acts undertaken in the course of trade or commerce."
The plaintiff offered no evidence in support of its allegation in count four. There was no evidence of any wrongdoing by P.M. that the court could consider as true or draw implications from in a light most favorable to the plaintiff. Further, as indicated above the plaintiff failed to make out a prima facie case that a valid, mutually assented to contract existed between the plaintiff and Century, thus, there can be no "tortious interference" with a non-existing contract.
Accordingly, judgment as of November 24, 1993, may enter for the defendant, P.M. Refuse, Inc., on counts three and four of the plaintiff, Dainty Rubbish Services, Inc.'s complaint, dismissing said counts because the plaintiffs failed to establish a prima facie case pursuant to Practice Book Section 302, with costs.
SPALLONE, STATE TRIAL REFEREE