JAY WALSHON *v.* CAREN WALSHON
(14933)

Schaller, Spear and Hennessy, Js.

Argued May 31—officially released August 20, 1996

*Susan M. Cormier*, with whom were *John Reed* and, on the brief, *Kenneth J. Ian* and *Kenneth J. Barschi*, legal interns, for the appellant (defendant).

*Gaetano Ferro*, with whom was *Livia D. Barndollar*, for the appellee (plaintiff).

SCHALLER, J. The defendant appeals from the judgment of the trial court dismissing her postjudgment motion for modification of custody. The defendant claims that the trial court improperly dismissed her motion for modification of custody for failure to make out a prima facie case. We affirm the judgment of the trial court.

The following facts are relevant to our resolution of this appeal. In November, 1991, the marriage of Jay Walshon and Caren Walshon was dissolved. In the course of the dissolution action, the Walshons agreed to joint legal custody of their children, with primary physical custody to be with the plaintiff. That agreement became part of the supplemental judgment.

In August, 1993, the defendant moved to modify the original custody order. In June, 1995, a three day hearing was held addressing the defendant's motion. At the hearing, the defendant testified and presented four witnesses in an attempt to demonstrate to the trial court

that there had been a material change of circumstances that justified a modification of the existing custody arrangement. After the defendant rested her case, the plaintiff moved for judgment of dismissal pursuant to Practice Book § 302.[1] After hearing arguments from both parties, the trial court granted the plaintiff's motion to dismiss. In its oral decision, the court stated: "I can find . . . no material change of circumstances that alters the court's finding of the best interests of the [children]."

The defendant then filed this appeal. In preparation for the appeal, the plaintiff requested that the trial court articulate the legal standard it applied when it granted the motion to dismiss. On August 3, 1995, the trial court issued the following articulation: "Having taken all the evidence produced by the defendant as true, and having interpreted all such evidence in the light most favorable to her, and having drawn every reasonable inference in her favor, this court could not find a material change of circumstances which altered the court's finding of the best interests of [the children], nor could it find that the custody order sought to be modified was not based on the best interests of the [children]."

The defendant claims that the trial court did not apply the correct legal standard in its oral decision at the time it granted the plaintiff's motion to dismiss. She claims, specifically, that the trial court improperly assessed the credibility of witnesses and the weight of evidence. The defendant further asserts that the court's subsequent articulation cannot cure these claimed deficiencies.

---

[1] Practice Book § 302 provides: "If, on the trial of any issue of fact in a civil action tried to the court, the plaintiff has produced his evidence and rested his cause, the defendant may move for judgment of dismissal, and the court may grant such motion, if in its opinion the plaintiff has failed to make out a prima facie case. The defendant may offer evidence in the event the motion is not granted, without having reserved the right to do so and to the same extent as if the motion had not been made."

"A trial court can dismiss an action where it believes the plaintiff failed to make out a prima facie case. Practice Book § 302; *Season-All Industries, Inc.* v. *R. J. Grosso, Inc.*, 213 Conn. 486, 493, 569 A.2d 32 (1990). '[W]hen the evidence produced by the plaintiff, if fully believed, would not permit the trier in reason to find the essential issues on the complaint in favor of the plaintiff,' dismissal under Practice Book § 302 is appropriate. *Hinchliffe* v. *American Motors Corp.*, 184 Conn. 607, 609, 440 A.2d 810 (1981); *Gulycz* v. *Stop & Shop Co.*, 29 Conn. App. 519, 523, 615 A.2d 1087 (1992). A § 302 motion is properly considered at the close of the plaintiff's evidence. *Carnese* v. *Middleton*, 27 Conn. App. 530, 539, 608 A.2d 700 (1992). A denial of a § 302 motion gives the plaintiff the opportunity to have the fact finder pass on the merits of the case. *Berchtold* v. *Maggi*, 191 Conn. 266, 271, 464 A.2d 1 (1983).

"In considering a motion under Practice Book § 302, a trial court must consider all of the plaintiff's evidence to be true. *Hinchliffe* v. *American Motors Corp.*, supra, [184 Conn.] 609–10; *Bolmer* v. *Kocet*, 6 Conn. App. 595, 603, 507 A.2d 129 (1986). Further, a trial court must draw all inferences in the plaintiff's favor. *Pagni* v. *Corneal*, 13 Conn. App. 468, 470, 537 A.2d 520, cert. denied, 207 Conn. 810, 541 A.2d 1239 (1988). The limitations of a § 302 motion contrast with the trial court's discretion in ruling on the merits of a case. Once a case is presented to the trial court for final decision, the trier is released from having to treat the plaintiff's evidence as true and can disbelieve any evidence, even if the evidence is uncontroverted. *Strickland* v. *Vescovi*, 3 Conn. App. 10, 15, 484 A.2d 460 (1984)." *Discover Leasing, Inc.* v. *Murphy*, 33 Conn. App. 303, 307–308, 635 A.2d 843 (1993).

In the present case, the defendant points to two portions of the trial court's oral decision as support for her claim that the trial court applied an incorrect stan-

dard in ruling on the plaintiff's § 302 motion. In the first portion, the trial court stated: "I did not find her to be a credible witness that created a basis upon which I could find a material change of circumstances which alters the court's finding of the best interests of the [children]." In the second portion, the court stated: "The overwhelming weight of the evidence, the credible evidence brought to the court does not approach the necessary weight to support the requests of the parties—of the request of the mother in her motion to modify; and the court feels compelled to grant the dismissal of that motion . . . ."

The portions of the court's oral decision that the defendant claims were improper, standing alone, could be interpreted as indicating that the trial court applied the wrong standard. Within both of these selected portions, however, the trial court consistently expressed its underlying finding, namely, that it could not find a material change of circumstances that warranted modification of custody.

The trial court's oral decision did not expressly state the legal standard for a § 302 motion. The court's subsequent articulation, however, did state the correct legal standard. This articulation was a proper method of clarifying its oral decision. " 'An articulation is appropriate where the trial court's decision contains some ambiguity or deficiency reasonably susceptible of clarification.' *State* v. *Wilson*, 199 Conn. 417, 435, 513 A.2d 620 (1986); *Rostain* v. *Rostain*, 213 Conn. 686, 694–95, 569 A.2d 1126 (1990)." *Carothers* v. *Capozziello*, 215 Conn. 82, 114, 574 A.2d 1268 (1990). "[P]roper utilization of the motion for articulation serves to dispel any . . . ambiguity by clarifying the factual and legal basis upon which the trial court rendered its decision . . . ." *Barnes* v. *Barnes*, 190 Conn. 491, 494, 460 A.2d 1302 (1983). An articulation, however, "is not an opportunity for a trial court to substitute a new decision [or] to change the

reasoning or basis of a prior decision." *Koper* v. *Koper*, 17 Conn. App. 480, 484, 553 A.2d 1162 (1989); see *Eichman* v. *J & J Building Co.*, 216 Conn. 443, 458, 582 A.2d 182 (1990).

It is well established that a motion for articulation may be used to clarify the factual or legal basis of the trial court's ruling. *Keating* v. *Glass Container Corp.*, 197 Conn. 428, 434, 497 A.2d 763 (1985). "In *State* v. *Wilson*, 199 Conn. 417, 513 A.2d 620 (1986) . . . [our Supreme Court] held that 'an articulation presupposes ambiguity or incompleteness in the legal reasoning of the trial court in reaching its decision. An articulation may be necessary where the trial court fails completely to state any basis for its decision . . . or where the basis, although stated is unclear.' . . . Id., 434." *Maguire* v. *Maguire*, 222 Conn. 32, 39, 608 A.2d 79 (1992).

In this case, the trial court's articulation did not substitute a new decision or change the reasoning or basis of its prior decision. Moreover, there was nothing in the articulation that contradicted the substance of the court's oral decision. The articulation properly clarified the legal standard that the court applied in dismissing the defendant's motion for modification, thereby dispelling any ambiguity in its decision.

The defendant next claims that, even if the trial court applied the correct standard, its dismissal of her motion for modification of custody for failure to make a prima facie case was improper. We disagree. "On appeal of a dismissal pursuant to Practice Book § 302, we take the plaintiff's evidence as true; *Higgins* v. *Ambrogio*, 19 Conn. App. 581, 584, 562 A.2d 1154 (1989); and consider the trial court's conclusions in light of the evidence in the record. *Bershtein, Bershtein & Bershtein* v. *Nemeth*, 221 Conn. 236, 239, 603 A.2d 389 (1992). 'Whether the plaintiffs established a prima facie case is a question of law.' *Wordie* v. *Staggers*, 27 Conn. App. 463, 465,

606 A.2d 734 (1992); *Angelo Tomasso, Inc.* v. *Armor Construction & Paving, Inc.,* 187 Conn. 544, 561, 447 A.2d 406 (1982). 'We must determine whether the trial court properly determined that the plaintiff failed to provide sufficient evidence to support his prima facie case.' *Ivimey* v. *Watertown,* 30 Conn. App. 742, 751, 622 A.2d 603, cert. denied, 226 Conn. 902, 625 A.2d 1375 (1993), citing *Logan* v. *O'Neill,* 187 Conn. 721, 728, 448 A.2d 1306 (1982)." *Discover Leasing, Inc.* v. *Murphy,* 33 Conn. App. 303, 308, 635 A.2d 843 (1993).

"[Our Supreme Court] has limited the broad discretion given the trial court to modify custody orders under General Statutes § 46b-56 by requiring that modification of a custody award be based upon either a material change of circumstances which alters the court's finding of the best interests of the child . . . or a finding that the custody order sought to be modified was not based upon the best interests of the child." (Citations omitted.) *Hall* v. *Hall,* 186 Conn. 118, 122, 439 A.2d 447 (1982). The trial court based its oral decision and its subsequent articulation on these important considerations. Viewing the defendant's evidence as true, and considering the trial court's conclusions in light of the evidence in the record, we find that the trial court properly dismissed the defendant's postjudgment motion for modification of custody.

The judgment is affirmed.

In this opinion the other judges concurred.