[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR CLARIFICATION
The defendants have moved this court to "clarify and confirm its previous ruling" ordering injunctive relief. After a hotly contested hearing in which the parties were each represented by competent counsel, the court, in a memorandum of decision dated July 21, 1995, "permanently enjoin[ed] the defendants from using a rock crusher and from blasting rock to supply the rock crusher, except as expressly authorized in writing by the zoning enforcement officer to remedy unstable or unsafe slopes or rock cliffs." (Emphasis added.)[1] In their motion, the defendants allege that they seek a clarification of this injunctive order because, inter alia, the Fire Marshall of the town of Monroe has interpreted the court's order "to deny a blasting permit, effectively terminating the lawful permitted excavation operation." The plaintiffs object to the motion for clarification.
The defendants predicate their motion on the continuing jurisdiction of this court. A court which grants equitable relief, especially in the form of an injunction, is said to retain "continuing jurisdiction" to enforce its orders on the filing of an appropriate motion and after a hearing. See Bauer v. WasteManagement of Connecticut, Inc., 239 Conn. 515, 534, ___ A.2d ___
(1996); Hilton v. New Haven, 233 Conn. 701, 728, 661 A.2d 973
(1995); Keeney v. L S Construction, 226 Conn. 205, 210,626 A.2d 1299 (1993); Park City Hospital v. Commission on Hospitals Health Care, 210 Conn. 697, 701-702, 556 A.2d 602 (1989); Hortonv. Meskill, 195 Conn. 24; 26, 486 A.2d 1099 (1985); see also Hallv. Dichello Distributors, Inc., 14 Conn. App. 184, 191,540 A.2d 704 (1988). Also, "courts have inherent power to change or modify their own injunctions where circumstances or pertinent law have so changed as to make it equitable to do so." SimsburyConservation Commission. v. Price, 5 Conn. App. 70, 73,496 A.2d 982 (1985), quoting Adams v. Vaill, 158 Conn. 478, 482,262 A.2d 169 (1969).
Here, however, the defendants do not seek to enforce, change or modify the injunction. Rather, they ask the court to "clarify and confirm its previous ruling . . . ." There is no procedural CT Page 3300 vehicle in our law, nor any apparent necessity for a court to "confirm" what it already has finally adjudicated. There is a procedural vehicle whereby a judge may and sometimes must clarify a decision, or its basis, where the necessity exists.
"An articulation is appropriate where the trial court's decision contains some ambiguity or deficiency reasonably susceptible of clarification. State v. Wilson, 199 Conn. 417,435, 513 A.2d 620 (1986); Rostain v. Rostain, 213 Conn. 686,694-95, 569 A.2d 1126 (1990). Carothers v. Capozziello, 215 Conn. 82,114, 574 A.2d 1268 (1990). [P]roper utilization of the motion for articulation serves to dispel any . . . ambiguity by clarifying the factual and legal basis upon which the trial court rendered its decision . . . . Barnes v. Barnes, 190 Conn. 491, 494,460 A.2d 1302 (1983). An articulation, however, is not an opportunity for a trial court to substitute a new decision [or] to change the reasoning or basis of a prior decision. Koper v. Koper,17 Conn. App. 480, 484, 553 A.2d 1162 (1989); see Eichman v. J JBuilding Co., 216 Conn. 443, 458, 582 A.2d 182 (1990)." (Internal quotation marks omitted.) Walshon v. Walshon, 42 Conn. App. 651,655-56, 681 A.2d 376 (1996); see Practice Book § 4051.[2]
I cannot divine any "ambiguity or deficiency reasonably susceptible of clarification" in the July 1995 injunctive orders. In fact, it is not clear that the parties do either. That a Fire Marshall may well have misinterpreted the court's decision does not license the court to grant a motion for clarification or articulation. It is well-settled that "words do not become ambiguous simply because lawyers or laymen contend for different meanings . . . ." (Emphasis added.) Julian v. Liberty MutualInsurance Co., 43 Conn. App. 281, 287, 682 A.2d 611 (1996), quoting Downs v. National Casualty Co., 146 Conn. 490, 494-95,152 A.2d 316 (1959).
For this reason, the motion for clarification is denied.
BY THE COURT
Bruce L. LevinJudge of the Superior Court