## MIDDLETOWN ASSOCIATES *v.* FAMILY DOLLAR STORES, INC., ET AL.
## (AC 16758)

Foti, Spear and Stoughton, Js.

Argued December 3, 1997—officially released February 17, 1998

*Timothy G. Atwood,* for the appellant (plaintiff).

*Thomas W. Witherington,* for the appellees (defendants).

### Opinion

STOUGHTON, J. The plaintiff, Middletown Associates, appeals from the trial court's judgment of dismissal. The plaintiff's action seeking payment of rent was dismissed on the ground that the plaintiff failed to present sufficient evidence to establish a prima facie case of breach of contract, estoppel and detrimental

reliance. The plaintiff claims that it presented sufficient evidence to establish (1) a prima facie case of breach of an express contract, (2) acceptance of a counteroffer resulting in a contract, or (3) implied contract arising from detrimental reliance on the defendants' representations. We affirm the judgment of the trial court.

The trial court ordered the trial bifurcated and heard evidence on the issue of whether a contract was made. After the plaintiff rested, the defendants[1] moved for a directed verdict. The parties agree that the trial court properly treated the motion as a motion for judgment of dismissal pursuant to Practice Book § 302. Concluding that negotiations between the parties had never produced a meeting of the minds, the trial court granted the motion.

There appears to be little dispute over the facts. Beginning in 1992, the plaintiff entered into negotiations with the defendants concerning the lease of certain commercial premises in the Middletown Shopping Plaza, which it owned. The defendant, Family Dollar Stores, Inc., is a national retailer, and the defendant, Family Dollar Stores of Connecticut, Inc., is the Connecticut subsidiary.

After some negotiation, the defendants sent to counsel for the plaintiff five counterpart originals of a lease agreement dated May 21, 1993, and executed by Family Dollar Stores of Connecticut, Inc. The lease agreement was sent with a letter dated May 24, 1993, from the assistant general counsel for Family Dollar Stores, Inc., Thomas E. Schoenheit. In his letter, Schoenheit wrote that this was an offer that could be accepted only by signing the originals without making any modifications. He also wrote that the landlord would have to insert in the lease a legal description of the premises and any

---

[1] The defendants are Family Dollar Stores, Inc., a Delaware corporation, and Family Dollar Stores of Connecticut, Inc., a Connecticut corporation.

easements, covenants and restrictions, all subject to the defendants' approval. In the letter, Schoenheit referred to paragraph 21 (i) of the lease, which provides in part that the tenant would not operate its business so as to violate any restrictive covenant or restrictive agreement contained in any other lease of which the tenant then had knowledge. He wrote that Family Dollar Stores had no knowledge of any restrictive covenant or restrictive agreement of any lease between the landlord and any present tenant at the shopping plaza.

On June 24, 1993, counsel for the plaintiff sent back, as required, three executed counterpart originals of the lease agreement with a letter pointing out that they contained new pages 2 and 6A. The letter also referred to a list of restrictive uses and covenants between the landlord and other tenants, which apparently was not enclosed.

At some time subsequent to receipt of the signed lease agreement, the defendants obtained a building permit for certain construction agreed to under the terms of the lease. On June 25, 1993, Schoenheit wrote to counsel for the plaintiff to express surprise that the list of restrictive uses and covenants, which had been inserted in the lease, contained thirty-two items but, nevertheless, accepted them on the condition that none contained rights or matters that would interfere with the defendants' operation of a typical Family Dollar Stores.

On June 28, 1993, a regional vice president of Family Dollar Stores wrote to counsel for the plaintiff to say that two of the restrictions in favor of other tenants would interfere with its operations and that these would have to be resolved. When it became apparent that this could not be accomplished, the plaintiff informed the defendants that rental payments would commence on November 1, 1993, and the defendants informed the plaintiff that the lease had never been accepted by them.

The plaintiff subsequently brought an action alleging breach of contract, promissory estoppel and detrimental reliance.

On appeal of a dismissal pursuant to Practice Book § 302, we take the plaintiff's evidence as true and consider the trial court's conclusions in light of the evidence in the record. *Loiseau* v. *Board of Tax Review*, 46 Conn. App. 338, 342, 699 A.2d 265 (1997); *Walshon* v. *Walshon*, 42 Conn. App. 651, 654, 681 A.2d 376 (1996). Whether the plaintiff has established a prima facie case is a question of law. *Loiseau* v. *Board of Tax Review*, supra, 343; *Wordie* v. *Staggers*, 27 Conn. App. 463, 465, 606 A.2d 734 (1992); see *Angelo Tomasso, Inc.* v. *Armor Construction & Paving, Inc.*, 187 Conn. 544, 561, 447 A.2d 406 (1982). We must determine whether the trial court properly determined that the plaintiff failed to provide sufficient evidence to establish a prima facie case. *Walshon* v. *Walshon*, supra, 656–57.

The plaintiff correctly states that the issue is not whether the trial court could have concluded, after weighing the evidence, that the plaintiff's evidence failed to meet the requisite burden of proof. The issue is whether the evidence, viewed in the light most favorable to the plaintiff and given the benefit of all reasonable inferences, is sufficient to establish a prima facie case for the plaintiff. *Loiseau* v. *Board of Tax Review*, supra, 46 Conn. App. 342–43; *Ivimey* v. *Watertown*, 30 Conn. App. 742, 751, 622 A.2d 603, cert. denied, 226 Conn. 902, 625 A.2d 1375 (1993), citing *Logan* v. *O'Neill*, 187 Conn. 721, 728, 448 A.2d 1306 (1982); *Discover Leasing, Inc.* v. *Murphy*, 33 Conn. App. 303, 308–309, 635 A.2d 843 (1993).

Certain additional facts are necessary to our resolution of this claim. At trial, counsel for the plaintiff and defendants stipulated to the admissibility of twenty-six documents, consisting of lease agreement drafts and

correspondence between the parties. These documents were admitted as full and joint exhibits.

It is the plaintiff's position that the signed lease, together with certain testimony by representatives of the plaintiff stating that when they signed the documents the plaintiff would have a lease, constituted a prima facie case of the existence of a contract. There was a good deal of additional evidence before the court, however, that, taken as true, demonstrated that although the documents had been signed, the parties had not yet reached agreement on several aspects of the lease. The letter from the defendants, which the plaintiff claims constituted an offer, clearly states "this offer may only be accepted by signing all counterpart originals of the enclosed Lease Agreement without making any modifications and returning three (3) originals to Family Dollar." The plaintiff signed the three copies of the lease, but added two new pages, as indicated by its cover letter stating, "Please note the addition of new pages 2 and 6a and Exhibits A and I." Furthermore, the defendants' original offer was conditioned on their acceptance of exhibits to be inserted by the plaintiff. That clearly did not occur.

It is true, as the plaintiff asserts, that the court does not weigh conflicting evidence in considering a motion to dismiss. See *Walshon* v. *Walshon,* supra, 42 Conn. App. 654. Nevertheless, the court may not consider only such evidence as the plaintiff believes will support its case and ignore that which fails to support it. The court must consider *all evidence presented by the plaintiff,* taken as true and viewed in the light most favorable to sustaining its claims, not just that which supports the plaintiff's claims. See *Discover Leasing, Inc.* v. *Murphy,* supra, 33 Conn. App. 308; *Bolmer* v. *Kocet,* 6 Conn. App. 595, 603, 507 A.2d 129 (1986). We know of no authority holding that the court may so restrict its consideration of the evidence as to exclude all of the evidence except

that which the plaintiff wishes to consider.

Since the trial court was not obliged to consider only the signed lease document and such testimony as the plaintiff might designate, but was required to consider all of the plaintiff's evidence presented to it, it had to consider the evidence that (1) the lease was signed subject to conditions, (2) the lease agreement, as signed and returned to the defendants by the plaintiff, had been altered and differed from the document signed by the defendants, and (3) the parties continued to negotiate after the lease agreement had been signed. It was thus manifest, as the trial court concluded, that the plaintiff presented insufficient evidence to establish the formation of a contract or the acceptance of a counteroffer.

For the foregoing reasons, the plaintiff's claim with regard to implied contract and detrimental reliance is equally without merit. The plaintiff claims that an implied contract arose from the defendants' representations of their intent to enter into a lease and the plaintiff's justifiable reliance on those representations to their detriment. Clearly, the offer extended by the defendants was conditioned on acceptance of the lease without modification and approval of easements, covenants and restrictions. The plaintiff's purported acceptance modified the lease to include two new pages. In addition, the restrictions imposed by the leases to other tenants were never approved. Viewing the plaintiff's evidence as true and construing it in the plaintiff's favor, we conclude that there was no contract, implied or otherwise, on which the plaintiff would have been justified in relying.

The judgment is affirmed.

In this opinion the other judges concurred.