DECISION ON APPEAL
MANFREDI, J.

Background

This case arises out of a fall on liquid at the Mohegan Sun Arena on December 4, 2008. The plaintiff, Louis Fernandez was at the Arena to attend a concert when he fell after stepping in a puddle of liquid in the concourse.
The case was tried to the Court, Eagan, J., on April 28, 2011. Following presentation of the plaintiffs evidence the Defendant moved to dismiss claiming that plaintiff had failed to establish a prima facie case. On September 21, 2011, the Court granted the Motion to Dismiss.
The plaintiff subsequently filed a Motion, for Articulation which was denied on March 2, 2012. Thereafter, Plaintiff filed this appeal.

Standard of Review

In an appeal of a dismissal for failure to establish a prima facie ease:
“[W]e take the plaintiffs evidence as true, and consider the trial court’s conclusions in light of the evidence in the record.... Whether the plaintiff established a prima facie case is a question of law.... We must determine whether the trial court properly determined that the plaintiff failed to provide sufficient evidence to establish a prima facie case.... ” Middletown Associates v. Family Dollar Stores, Inc., Et Al., 47 Conn.App. 723 [706 A.2d 1376] (1998) (citations omitted).
In a plenary review of the granting of a motion to dismiss for failure to make out a prima facie case, “if, after reviewing the evidence in the light most favorable to the plaintiff, the court cannot reasonably find the essential issues on the complaint in his favor, a judgment of dismissal is appropriate.” Gulycz v. Stop and Shop Companies, Inc., 29 Conn.App. 519, 523, 615 A.2d 1087 (1992). However, “a plaintiff is entitled to every favorable inference that may be legitimately drawn from the evidence, and has the same right to submit *147 a weak ease as a strong one ... Id.; MRCP § 48; Conn. Prac. Bk. § 15-8.

Discussion

Plaintiff has framed two issues on appeal: (1) whether the Court erred in “failing to draw reasonable and logical inferences from the evidence” sufficient to prove constructive notice, and; (2) whether the Court erred in “failing to find the Defendants (sic) affirmative act of negligence in serving beverages in open containers” created the puddle and thereby relieved plaintiff of the burden of proving notice.
It is appropriate to stress that, due to the procedural posture in which the Defendant’s motion to dismiss has placed this appeal, the decision as presented to this Court is actually much closer than it would be otherwise. In its decision of September 21, 2011 the trial court found there was “no direct evidence introduced as to what the liquid was, how it came to be there, or how long it was there before the plaintiff stepped in it.”
During trial George McCarthy, an officer with the Mohegan Tribal Police, testified that he was standing with Officers Dolan, Meredith, and Russo approximately 25 feet from where the Plaintiff fell.[1] It was Officer McCarthy’s belief that an usher at the closest curtain was standing 10 to 12 feet away,[2] which would place the usher that much closer to where the Plaintiff fell.[3] Although on re-cross, Officer McCarthy testified that he did not remember an usher standing there at the time, he maintained “there should have been an usher standing there at the. time.”[4] This is a more than sufficient basis for the requisite favorable inference that the usher was doing his duty and was in very close proximity to the spot where the Plaintiff fell.
Kelly Fernandez, the Plaintiffs spouse, testified that when they entered the Mohegan Sun Arena, “[t]here was not a single soul other than employees in the—on the entire concourse,” and that the place where her husband fell had a “puddle-like clear liquid, about eight to 12 inches in diameter.”[5] According to Jean Gray Kennedy, the Event Operations Supervisor, approximately 7,000 people were in attendance at the show, a lot more people are on the concourse during intermission than during the show, and it is common knowledge among employees that people are constantly walking around getting things to eat and drink, which they bring into the show[7].[6] The intermission lasted from 8:30 p.m. to 9:00 p.m.[7], the Plaintiff and his spouse “walked into the casino itself’ around 9:00 p.m.,[8] and arrived at the Arena “maybe five minutes after nine.”[9] Although the Trial Court found that “[t]here is simply no evidence, either direct, circumstantial or based on proper inferences, that answers the critical question as to how long the clear liquid puddle was on the floor before the plaintiff slipped on it and fell”, Defendant’s motion to dismiss requires the Trial Court to infer that the spill occurred during the intermission from 8:30 to 9:00 p.m., that there were no other *148 patrons in the concourse at the time or after 9:00 p.m,, that an usher was present only feet away, and that three Tribal Police Officers were standing approximately 25 feet away from the puddle.
Upon review this court is in agreement with the Trial Court that there Was insufficient evidence to permit a reasonable inference of notice of the puddle on the floor and that such notice was timely enough to have permitted defendant to remove it before plaintiff’s fall.
Viewed in the light most favorable to the Plaintiff, it was certainly permissible for the Trial Court to infer that the spill had occurred at least ten minutes prior to the Plaintiffs fall,[10] that during that period an employee of the Defendant was ten feet away, and that no inspections were being conducted by any of the four employees in the vicinity. These constituted, for purposes of the motion to dismiss, the “particular circumstances of the case” in determining the “reasonable length of time for the defect to be discovered.” Morris v. King Cole Stores, Inc., Morris v. King Cole Stores, Inc., 132 Conn. 489, 494, 45 A.2d 710 (1946). in essence, these circumstances were addressed by the Trial Court when it assumed, arguendo, that the spill had existed for a period often minutes, which period of time was held not sufficient to constitute constructive notice.
Thus, the Trial Court gave every reasonable interpretation to plaintiffs evidence in attempting to resolve the issue as to “when” the spill occurred.
As to what plaintiff refers to as an affirmative act of negligence relating to the “all-pour” event, this argument fails to sustain the plaintiffs burden of production. Essentially, plaintiff claims in his brief that by hosting an “all-pour” event, i.e., an event where beverages are served in open cups or glasses, defendant created an unsafe condition relieving plaintiff of the necessity of proving notice of the spill.
This argument fails in two respects. First, plaintiff is really claiming the mode of operation rule set out in Kelly v. Stop & Shop, 281 Conn. 768, 918 A.2d 249 (2007). However, MTC § 3-245 defines negligence and specifically states that negligence “shall not be deemed to arise from the mode of operation.” An affirmative act of negligence precluding the need to prove notice would be an act whereby defendant actually created the defective condition, such as where an employee actually spilled a substance, creating the condition which gives rise to the defect. In the context of the “all-pour” event that is really claiming negligence by mode of operation which is not permitted in this Court.
Secondly, there is no evidence in the record to infer with any degree of probability that the substance on the floor came from an open container provided by the defendant. The trial transcript (pps. 84, 85) indicates that beer was served in cups without lids—it is unclear that other beverages were not served in bottles or with lids. We are left to speculate whether the liquid came from a beverage served in an open container or from another source.
As noted in Kelly v. Stop & Shop, supra,
*149 “[T]he notice whether actual or constructive, must be notice of the very defect which occasioned the injury and not merely of conditions naturally productive of that defect even though subsequently in fact producing it....” 281 Conn, at 794, 918 A.2d 249.
The decision of the Trial Court is affirmed.
In this decision GUERNSEY C.J. and McNAMARA, J. concurred.

. Trial Transcript at 118, 120.

. Trial Transcript at 121.

. Defendant's Exhibit D-O.

. Trial Transcript at 130.

. Trial Transcript at 59-61.

. Trial Transcript at 109-110.

. Trial Transcript at 93.

. Trial Transcript at 58.

. Trial Transcript at 12.

. The Court is not aware of any authority, and none has been provided by the parties, that would permit a trier of fact to assume, if an event occurred during a particular specified period of time which could not be more precisely determined, that for purposes of constructive notice the event occurred in the middle of the period. Such an assumption would place Ae spill midway between 8:30 and 9:00 p.m. In this case, however, the Trial Court found that the fact that the puddle of liquid was undisturbed (except for the imprint from Plaintiffs foot) to be significant evidence tending to show that the spill occurred shortly before the Plaintiff's fall.