**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Kenneth M. GOFF and Michael L.
Jacobson, Defendants-Appellants.**

**Nos. 81–1766, 81–1776.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 6, 1982.

Decided July 23, 1982.

---

Francis J. Burke, Jr., Asst. U. S. Atty., Seattle, Wash., for the U. S.

Before WRIGHT, TANG, and CANBY, Circuit Judges.

EUGENE A. WRIGHT, Circuit Judge:

We affirm the convictions of defendants for cocaine possession, finding that the district court correctly denied suppression of evidence obtained after a search of defendants pursuant to a search warrant.

The warrant, requested by a Drug Enforcement Administration (DEA) agent and issued by a magistrate in the Western District of Washington, was supported by an affidavit reciting the following facts.

An informant related to the DEA agent a conversation with defendant Jacobson. Jacobson indicated that he and a "Ken" were planning a trip from Seattle to Miami to purchase a large quantity of cocaine. At the Seattle-Tacoma airport, the informant identified both defendants, who were making arrangements under false names for a 36-hour round trip to Miami. Mr. Goff appeared to be wearing a money belt and Mr. Jacobson was wearing a loose-fitting shirt that could have concealed one.

Subsequent DEA investigation verified defendants' identities and disclosed that Jacobson previously had been involved in drug smuggling activities.

Defendants were followed and surveilled in Miami until airline personnel confirmed that they had boarded the nonstop return flight to Seattle. The affidavit further stated that airline personnel had confirmed that Goff and Jacobson had, hours before, boarded a direct flight from Miami to Seattle and that the flight was expected to arrive within hours.

The DEA agent in Seattle then requested the search warrant, which was issued during the flight. DEA agents confronted de-

Stewart Riley, Seattle, Wash., for Goff.

Jon James Watson, Seattle, Wash., for Jacobson.

fendants soon after they disembarked from the airplane. The search was conducted at the airport and cocaine was recovered from both defendants.

■ Defendants' argument that the affidavit does not establish probable cause is without merit. The informant's information, corroborated by independent investigation, was enough to lead to a reasonable suspicion that unlawful activity was under way. *United States v. Johnson,* 641 F.2d 652, 659 (9th Cir. 1980).

■ The contention that the affidavit failed to establish the credibility of the undisclosed informant is unfounded. No recitation of credibility was necessary because the DEA's investigation corroborated the details described by the informant. *See id.* at 658; *United States v. Lefkowitz,* 618 F.2d 1313 (9th Cir.), *cert. denied,* 449 U.S. 824, 101 S.Ct. 86, 66 L.Ed.2d 27 (1980).

Defendants argue that the search warrant was invalid because the affidavit does not establish probable cause to believe that when the warrant was issued the contraband sought was in the Western District of Washington.

■ We do not interpret Fed.R.Crim.P. 41(a) to require that, in every circumstance, the evidence sought must be physically in existence within the district at the time the warrant issues.[1] *Cf. Berger v. New York,* 388 U.S. 41, 56–57, 87 S.Ct. 1873, 1882–1883, 18 L.Ed.2d 1040 (1967) (discussing the validity of an order authorizing the use of electronic devices to procure evidence when the order provided protections similar to those of conventional warrants).

■ Admittedly, a warrant allowing a search of persons cannot be *executed* until they are in the district. But in no sense is the rule violated when an affidavit before a federal magistrate clearly demonstrates

that the objects of the search will exist in the district within the time allowed for execution of the warrant.

■ Our concern is that probable cause exist at the time of the search. *United States v. Nepstead,* 424 F.2d 269, 271 (9th Cir.), *cert. denied,* 400 U.S. 848, 91 S.Ct. 50, 27 L.Ed.2d 86 (1970). The facts before us support probable cause to believe that the persons searched would arrive within the district in a reasonable time, and that the warrant could not be executed until their arrival. Thus, issuing a warrant anticipating these events created no danger that the property seized upon execution would be other than the property sought in the warrant. *See United States ex rel. Beal v. Skaff,* 418 F.2d 430 (7th Cir. 1969).

The defendants' convictions are affirmed. The mandate shall issue immediately. The district court should consider revocation of bail of either defendant who may have been released on bond.

---

1. Assuming, for discussion, a technical violation of Fed.R.Crim.P. 41(a), which provides that the search warrant is to be issued by a magistrate in the district where the person or property is located, the violation would not require suppression.

We have determined that no fundamental violation of the rule occurred because anticipat-

ing future events did not detract from probable cause at the time of the search.

Defendants have not shown any prejudice from a confrontation with DEA agents pursuant to the warrant, nor alleged bad faith in the warrant's issuance. *United States v. Vasser,* 648 F.2d 507 (9th Cir. 1980), *cert. denied,* 450 U.S. 928, 101 S.Ct. 1385, 67 L.Ed.2d 360 (1981).