**The PEOPLE of the State of Colorado,
Plaintiff–Appellant,**

v.

**Anthony POIREZ, Defendant–Appellee.**

**No. 95SA127.**

Supreme Court of Colorado,
En Banc.

Oct. 30, 1995.

Peter F. Michaelson, District Attorney, Fifth Judicial District, F. Michael Goodbee, Deputy District Attorney, Eagle, for Plaintiff–Appellant.

Heckman & O'Connor, P.C., Terrence P. O'Connor, Vail, for Defendant–Appellee.

Colorado District Attorneys Council, Raymond T. Slaughter, Executive Director, Katherine M. Clark, Staff Attorney, for Amicus Curiae Colorado District Attorneys Council.

Justice KOURLIS delivered the Opinion of the Court.

This is an interlocutory appeal by the prosecution pursuant to C.A.R. 4.1. The defendant, Anthony Poirez, was charged in Eagle County with possession of more than eight

ounces of marijuana,[1] criminal impersonation,[2] and possession of drug paraphernalia.[3] The defendant filed a motion to suppress evidence, alleging that the search was illegal because it was predicated upon a warrant obtained in anticipation of events that had not yet occurred, thereby violating the Colorado statute;[4] Crim.P. 41; Article II, section 7 of the Colorado Constitution; and the Fourth and Fourteenth Amendments to the United States Constitution. The trial court granted the motion and concluded that an anticipatory warrant is not valid in Colorado. The prosecution appealed the order suppressing the evidence. We affirm and remand for further proceedings consistent with this opinion.

## I.

On July 6, 1994, United Parcel Service (UPS) in San Diego, California, received a package for overnight delivery addressed to Brett Johnson, 1819 Meadow Ridge Road, Unit B, Vail, Colorado. The sender listed the contents of the package as sweat shirts and binders. The package was opened as part of a routine audit by UPS officer James Davis. Davis discovered that the package contained ten vacuum sealed plastic bags of a substance determined to be marijuana. Davis contacted the San Diego Sheriff's Office, which, in turn, contacted the Vail Police Department. The package was resealed to duplicate its original condition and was sent to Detective Michael Stickney of the Vail Police Department. It arrived on July 8, 1994.

Following contact from Davis, Stickney checked records available to him for information about Brett Johnson and about 1819 Meadow Ridge Road, Unit B. He did not find any record of Brett Johnson.

Stickney then sought a search warrant to search Unit B when the package was delivered. The affidavit requested the issuance of a warrant conditioned upon completion of the following facts: "(1) A task force agent will deliver the package to the residence to be searched. (2) Someone from inside the residence will accept the package and take it inside." The affidavit recited the steps that Stickney had taken in the investigation up to that point, and stated that "Detective Stickney wishes to have this warrant in hand at that time in order to prevent the expected distribution of more contraband." The warrant was reviewed and approved by a judge on July 8, 1994.

That morning, after obtaining the warrant, a member of the Vail Police Department dressed as a UPS delivery person delivered the package to Unit B. A person took the package into the unit and, with the door still open, called for "Brett." The defendant, Anthony Poirez, identified himself as Brett and, within view of the police, took delivery of the package from the person who opened the door.

An unspecified time thereafter, pursuant to the warrant, the officers searched the residence and seized suspected marijuana and marijuana containers, drug paraphernalia, a bank statement, and a telephone bill.

The defendant contested the legality of the search warrant, on the ground that probable cause for issuance of the warrant did not exist at the time it was issued since the marijuana had not, at that time been delivered. When the motion to suppress was granted, the prosecution appealed.

## II.

### A.

Because this matter comes before us as an interlocutory appeal, the record is not fully developed. The facts presented to us by both parties indicate that the UPS package contained ten vacuum sealed baggies, weighing 5.9 pounds. The return on the search warrant identifies nine baggies of marijuana and one tupperware container filled with marijuana, cumulatively weighing 3,092 grams or 6.8 pounds. The return further identifies several locations from which the

---

1. § 18–18–406, 8B C.R.S. (1994 Supp.).

2. § 18–5–113, 8B C.R.S. (1994 Supp.).

3. § 18–18–428, 8B C.R.S. (1994 Supp.).

4. § 16–3–101, 8A C.R.S. (1986).

marijuana was seized, none of which refers to the UPS package. Both parties to the appeal recite the facts as follows in their opening briefs:

[A] member of the Vail Police Department dressed as a United Parcel Service deliverer, brought the package to Unit B. A person took the package into the unit and with the door open called for 'Brett.' Several minutes later, the search warrant was executed and the marijuana was seized. The defendant Anthony Poirez was arrested as he had identified himself as Brett Johnson in taking delivery of the package from another resident within sight of police.

The record contains no trial court findings that indicate whether the marijuana contained in the UPS package was the same marijuana that was seized pursuant to the search warrant. Therefore, issues relating to the admissibility or inadmissibility of some or all of the marijuana may remain for trial court resolution.[5] We confine our decision here to evidence seized only under the aegis of the search warrant, and we affirm the trial court's order of suppression on statutory grounds.[6]

### B.

■ An anticipatory warrant is "a warrant that has been issued before the necessary events have occurred which will allow a constitutional search of the premises; if those events do not transpire the warrant is void." *United States v. Garcia*, 882 F.2d 699, 702 (2d Cir.), *cert. denied, Grant v. U.S.*, 493 U.S. 943, 110 S.Ct. 348, 107 L.Ed.2d 336 (1989). Thus, an anticipatory warrant denotes a warrant that becomes effective only upon the happening of certain anticipated events. Examples of such events could be a controlled delivery of a package, travel by an

individual, or commission of a criminal offense. Absent the happening of the designated contingency, the warrant does not authorize the search.

■ To analyze the validity of an anticipatory warrant under Colorado law, we look first to the governing statute. The statute controlling issuance of search warrants in Colorado is section 16–3–303, 8A C.R.S. (1986), which reads:

(1) A search warrant shall issue only on affidavit sworn to or affirmed before the judge and relating facts sufficient to:

. . . .

(d) Establish probable cause to believe that the property to be searched for, seized, or inspected *is located at, in, or upon the premises,* person, place, or thing to be searched.[7]

(Emphasis added.) We must determine the meaning of the phrase "is located at, in, or upon the premises" under section 16–3–303(1)(d). Specifically, we must determine whether the use of the present tense language "is located at" requires probable cause to believe that the evidence is located on the premises at the time a magistrate issues a warrant, or whether an expectation that the evidence will be there prior to search suffices. In that determination, we cannot ignore the history of and amendment to Fed. R.Crim.P. 41, in relation to this statutory construction issue.

Prior to 1990, Fed.R.Crim.P. 41 provided:

A search warrant authorized by this rule may be issued by a federal magistrate or a judge of a state court of record within the district wherein the property or person sought *is located,* upon request of a federal

---

5. *See, e.g., Chimel v. California*, 395 U.S. 752, 763, 89 S.Ct. 2034, 2040, 23 L.Ed.2d 685 (1969); *People v. Hufnagel*, 745 P.2d 242, 247 (Colo. 1987), relating to seizure incident to lawful arrest; and *see United States v. Andrews*, 618 F.2d 646, 652–54 (10th Cir.1980); *United States v. Ford*, 525 F.2d 1308, 1312–13 (10th Cir.1975); *United States v. DeBerry*, 487 F.2d 448, 451 (2d Cir.1973), relating to seizure as part of a controlled delivery.

6. Neither party presented lengthy briefing concerning the significance of the statutory issue. Nonetheless, we view interpretation and application of the statute as the threshold question.

7. Crim.P. 41 utilizes identical language.

law enforcement officer or an attorney for the government.

(Emphasis added.)

Pursuant to the rulemaking power granted to the Supreme Court of the United States,[8] Fed.R.Crim.P. 41 was amended in 1990, with the approval of Congress, to provide:

[A] search warrant authorized by this rule may be issued (1) by a federal magistrate, or a state court of record within the federal district, for a search of property or for a person within the district. . . .

Fed.R.Crim.P. 41(a) (1990).

The 1990 advisory committee note to Fed. R.Crim.P. 41(a) explains the reason for the amendment as follows:

Rule 41(a)(1) permits anticipatory warrants by omitting the words "is located," which in the past required that in all instances the object of the search had to be located within the district at the time the warrant was issued. Now a search for property or a person within the district, or expected to be within the district, is valid if it otherwise complies with the rule.

Fed.R.Crim.P. 41(a) advisory committee's note. We cannot overlook the direction charted by the amendment to Fed.R.Crim.P. 41. Language identical in pertinent part to our statute was deleted so as to make way for anticipatory warrants because such language was viewed as requiring probable cause to believe the object of the search was located at the place to be searched contemporaneous with issuance.

We conclude that the language of section 16–3–303, 8A C.R.S. (1986), creates a barrier to the issuance of anticipatory warrants by judicial officers. Because we find the language of the statute preclusive,[9] we do not reach the constitutional issues that have been raised by the parties.[10]

## C.

For the reasons set forth above, we affirm the trial court as to items seized pursuant to the warrant, and remand the case for further proceedings consistent with this opinion.

---

**8.** Under 28 U.S.C. § 2072(a) (1988), the rulemaking power for the Federal Rules of Criminal Procedure resides in the Supreme Court:

The Supreme Court shall have the power to prescribe general rules of practice and procedure and rules of evidence for cases in the United States district courts (including proceedings before magistrates thereof) and courts of appeals.

**9.** We have previously held that a purely technical violation of a statute or rule does not trigger the exclusionary rule. *People v. Fournier*, 793 P.2d 1176, 1179 (Colo.1990). However, we do not view the requirements of § 16–3–303 as purely technical, and distinguish *Fournier* accordingly.

**10.** We do note that, since the amendment of Fed.R.Crim.P. 41, a great majority of the federal courts have upheld anticipatory warrants. *See,*

e.g., *United States v. Jackson*, 55 F.3d 1219 (6th Cir.1995); *United States v. Gendron*, 18 F.3d 955 (1st Cir.1994); *United States v. Ricciardelli*, 998 F.2d 8 (1st Cir.1993); *United States v. Tagbering*, 985 F.2d 946 (8th Cir.1993); *United States v. Wylie*, 919 F.2d 969 (5th Cir.1990); *United States v. Garcia*, 882 F.2d 699 (2d Cir.), *cert. denied*, *Grant v. U.S.* 493 U.S. 943, 110 S.Ct. 348, 107 L.Ed.2d 336 (1989); *United States v. Goodwin*, 854 F.2d 33 (4th Cir.1988); *United States v. Goff*, 681 F.2d 1238 (9th Cir.1982); *United States ex rel. Beal v. Skaff*, 418 F.2d 430 (7th Cir.1969). The validity of anticipatory warrants also has been recognized by legal scholars. *See* William F. LaFave, *Search and Seizure: A Treatise on the Fourth Amendment* § 3.7(c), at 95–96 (2d ed. 1987).