703 A.2d 160

**Joseph KOSTELEC**

v.

**STATE of Maryland.**

**No. 17, Sept. Term, 1997.**

Court of Appeals of Maryland.

Dec. 12, 1997.

Richard D. Neidig, Adam C. Linn, The Law Offices of Richard D. Neidig, on brief, Columbia, for petitioner.

Gary E. Blair, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen., on brief), Baltimore, for respondent.

Argued before BELL, C.J., ELDRIDGE, RODOWSKY, CHASANOW, RAKER and WILNER, JJ., and ROBERT L. KARWACKI, J. (retired), Specially Assigned.

RODOWSKY, Judge.

In this drug case the petitioner, Joseph Kostelec (Kostelec), moved to suppress evidence that had been seized during a search of his home under an anticipatory search warrant. As grounds for the motion, Kostelec contended, *inter alia*, that an anticipatory warrant violates Maryland Code (1957, 1996 Repl. Vol.), Art. 27, § 551(a). For the reasons set forth below we shall hold that § 551(a) does not authorize anticipatory search warrants. Further, inasmuch as the State never argued to the courts below the unavailability of suppression as a remedy for a search without statutory authorization, and the State never raised that issue by a cross-petition for certiorari, we

shall direct that the motion to suppress in this case be granted.

The relevant portion of § 551(a) reads as follows:

"Whenever it be made to appear to any judge ... by written application signed and sworn to by the applicant, accompanied by an affidavit ... containing facts within the personal knowledge of the affiant ... that there is probable cause, the basis of which shall be set forth in said affidavit ... to believe that any misdemeanor or felony is being committed by any individual or in any building ... or that any property subject to seizure under the criminal laws of the State is situated or located on the person of any such individual or in or on any such building, ... then the judge may forthwith issue a search warrant. . . ."

At the hearing in the circuit court on the motion to suppress no testimony was taken. Counsel for the parties argued exclusively legal issues derived from the face of the application for the search warrant. Thus, for this review, the facts justifying the search are those found in the application sworn to on April 5, 1995. *See Perry v. State,* 344 Md. 204, 226, 686 A.2d 274, 285 (1996) ("The State ordinarily is bound on appeal of a suppression hearing issue by the record made at the suppression hearing."), *cert. denied,* —— U.S. ——, 117 S.Ct. 1318, 137 L.Ed.2d 480 (1997); *Trusty v. State,* 308 Md. 658, 670–72, 521 A.2d 749, 755 (1987).

The affiant on the search warrant application was a detective of the Howard County Police Department, Criminal Investigation Bureau, Vice and Narcotics Division. In addition to presenting his background and experience, the affiant presented the following facts: Less than eight hours earlier a Federal Express package had been seized under a warrant. This package contained a large quantity of liquid phencyclidine (PCP), confirmed by a field test. The package was addressed to one Joey Labaugh at 7118 Dogwood Road, Baltimore, Maryland 21244. Based on the absence of any entries for that name in official data bases, the affiant believed the name Joey Labaugh to be fictitious. Subsequently the

police made a controlled delivery of the package to 7118 Dogwood Road where it was accepted by Randal Lucabaugh (Lucabaugh) who, shortly after accepting delivery, was arrested when he left his residence with the package. In a post-arrest interview Lucabaugh stated that a portion of the package was to be delivered to Roarke Boulton (Boulton) who lived near Route 103 in Elkridge. Lucabaugh placed "a controlled telephone call" to Boulton and advised Boulton that "a friend" of Lucabaugh's would deliver the package to Boulton.

Within three hours of the warrant application a police officer had dialed the same telephone number dialed by Lucabaugh and, after first speaking to an unknown male, was referred to another male who identified himself as Boulton. Boulton said that all of the package was his and that it was to be delivered to his home address at 5967 Rowanberry Drive in Elkridge. A crisscross telephone directory showed that the number called was listed to Kostelec at 5967 Rowanberry Drive.

The affiant "pray[ed] that an Anticipatory Search and Seizure Warrant be issued for said premises and persons" and further stated:

"Your affiant will only execute said warrant if the following actions are observed at 5967 Rowanberry Drive, within the next fifteen (15) days:

"1.  A member of the Howard County Police Department will visit the residence at 5967 Rowanberry Drive and present the package containing the [PCP] for delivery.

"2.  An individual within the residence accepts the package containing the [PCP].

"3.  This individual is observed to carry the package containing the [PCP] into said residence after the delivery; and

"4.  Law enforcement officials conduct a constant surveillance of the residence from the time of delivery until the time the warrant is served."

Additional facts, developed at Kostelec's trial, reveal that Boulton was a longtime friend of Kostelec's and that Kostelec permitted Boulton to move into Kostelec's Elkridge home in March of 1995 because Boulton was down on his luck. When the delivery was made to Kostelec's home on the evening of April 5, 1995, Kostelec answered the door and accepted the package for Boulton. The police had attached an electronic device to the package that would secretly alert them when the package was opened. Within minutes after the delivery the signal was activated. The police immediately made a no-knock entry and found both Kostelec and Boulton in the living room, the former seated on a love seat and the latter on an adjacent couch. The package contained nearly forty ounces of PCP in two bottles. When the police entered one bottle was still inside the open package, and the other bottle was sitting on the floor between Boulton and the coffee table.

In addition to the PCP, the police seized an aluminum can that had been crushed and perforated, apparently for use as a pipe, and which contained a trace of cocaine. In Kostelec's bedroom the police seized from a dresser drawer a pipe containing a trace of cocaine. Another pipe containing marijuana residue was found in a china hutch in Kostelec's dining room. Three large bottles of parsley flakes were found in the kitchen.

Kostelec was indicted on multiple charges, including possession of a controlled dangerous substance with intent to distribute.[1] Kostelec moved to suppress, contending in part

> "[t]hat the Application for Search and Seizure Warrant failed to allege facts then in existence which would have constituted probable cause for the issuance of a Search and Seizure Warrant by a judge under Article 27, Section 551(a)...."

In his memorandum in support of the motion to suppress, Kostelec argued that the warrant "does not comply with the

---

1. The indictment initially charged Kostelec with unlawfully bringing into Maryland PCP in excess of twenty-eight grams, in violation of Article 27, § 286A, but that count was later nol prossed.

narrowly drawn Maryland statute permitting the issuance of search and seizure warrants" and that "anticipatory warrants have never been validated by the legislature...." Citing § 551(a) he submitted that "probable cause *was not shown within the Affidavit* because the anticipatory search and seizure warrant executed upon lacked facts indicating that there was any misdemeanor or felony *being* committed."

At a hearing before Judge Raymond J. Kane, Jr., Kostelec included in his oral argument the contention set forth above. The court took the matter *sub curia.* It denied the motion to suppress in a memorandum and order which viewed the issue to be "whether the Defendant's constitutional rights were violated by the issuance of what is commonly referred to as an 'anticipatory search warrant.'" Kostelec was convicted in a jury trial and sentenced to five years without parole, to certain concurrent sentences, and to payment of a fine.

On direct appeal, the Court of Special Appeals affirmed. *Kostelec v. State,* 112 Md.App. 656, 685 A.2d 1222 (1996). That court rejected Kostelec's argument based on § 551(a), reasoning that although Kostelec's interpretation of § 551(a) was "a plausible one, the language could also be read merely to require that probable cause be present at the time the warrant is executed." *Id.* at 669, 685 A.2d at 1229. Hence the language was "at best, ambiguous." *Id.* Inasmuch as the Court of Special Appeals had held earlier in its opinion that anticipatory warrants did not violate the Fourth Amendment, the court concluded that § 551(a), for the problem under consideration, should be construed *in pari materia* with the Fourth Amendment to permit anticipatory search warrants.

We granted Kostelec's petition for certiorari. Our order limited review solely to the following question:

"Whether an anticipatory search warrant, issued on the basis of an affidavit which lacked probable cause that a crime was being committed at the time of issuance ... is constitutional and in compliance with Article 27, Section 551(a)."

This Court should not decide a constitutional issue unless the record compels it. *See State v. Lee,* 330 Md. 320, 329, 624 A.2d 492, 495 (1993). Our decision rests on the construction of § 551(a).

### I

The Court of Special Appeals pointed out in this case, 112 Md.App. at 662, 685 A.2d at 1225, that

"[t]here is no dispute that the warrant in issue was an anticipatory one, *i.e.,* 'based upon an affidavit showing probable cause that at some future time (but not presently) certain evidence of crime will be located at a specified place.' 2 Wayne R. LaFave *Search & Seizure* § 3.7(c), at 362 (3rd ed.1996)."

The argument of Kostelec that we address here is not whether the warrant-issuing judge had probable cause to conclude that the PCP would in the future be at the premises to be searched, that is, whether the PCP was on a "sure course" to Kostelec's home. The issue, quite simply, is whether § 551(a) authorizes a warrant to search for and seize evidence of crime on described premises when the affidavit in support of issuing the warrant shows that the evidence of crime to be seized is not on the premises to be searched when the warrant is issued.

Section 551 requires "that there is probable cause ... to believe that any misdemeanor or felony is being committed ... or that any property subject to seizure ... is situated or located ... in or on any such building...." This probable cause must "be made to appear" to the judge who is asked to issue the warrant. The time to which the present tense of these verbs in § 551(a) refers is the time when the warrant is sought. Literally, the statute contemplates that the crime "is being committed" and that the property "is situated or located" on the described premises when the judge is asked to rule. We do not agree with the conclusion of the Court of Special Appeals that § 551(a) can be read to refer to the time when the warrant is executed.

The incompatibility of the language of § 551(a) with anticipatory warrants is explained by the fact that the language under consideration formed part of the statute's original enactment by Chapter 749 of the Acts of 1939, long before anticipatory warrants came into use. Indeed, the language under consideration antedates *Warden v. Hayden*, 387 U.S. 294, 87 S.Ct. 1642, 18 L.Ed.2d 782 (1967) (abolishing the "mere evidence rule").

In one of its early decisions the Court of Special Appeals, speaking through Chief Judge Robert C. Murphy, later Chief Judge of this Court, described the operation of § 551 in light of *Warden v. Hayden*. The court said:

> "It is thus clear from the provisions of the statute that what it, in effect, authorizes is a *search* of persons, places or things, as reasonably particularized in the warrant, for specifically designated property, unlawfully obtained or held, or of evidence of the commission of the crime, now including items relating thereto which are purely evidentiary in nature.[2] As the search warrant is issued for the basic purpose of making a search, the probable cause necessary to support its issuance requires a proper showing not only that a crime has been or is being committed, but also that the evidence of the crime is upon the person or within the place or thing to be searched.
>
> "[2]See *Warden v. Hayden,* 385 U.S. 926 [87 S.Ct. 290, 17 L.Ed.2d 210]."

*Salmon v. State*, 2 Md.App. 513, 519 & n. 2, 235 A.2d 758, 761 & n. 2 (1967).

This Court cited to *Salmon* in *State v. Intercontinental, Ltd.,* 302 Md. 132, 486 A.2d 174 (1985), in support of the following statement:

> "To justify the issuance of such a warrant, [§ 551(a) ] appears to require that probable cause first be shown that 'any misdemeanor or felony' is being committed ... and that in connection therewith 'property' subject or liable to seizure 'under the criminal laws of this State' is located upon the individual or at the place or thing to be searched."

*Id.* at 138, 486 A.2d at 177. *See also Wiebking v. State,* 19 Md.App. 226, 232 n. 6, 310 A.2d 577, 581–82 n. 6 (1973); *German v. State,* 14 Md.App. 120, 126, 286 A.2d 171, 174 (1972); *Buckner v. State,* 11 Md.App. 55, 60–61, 272 A.2d 828, 832 (1971); *Iannone v. State,* 10 Md.App. 81, 87–88, 267 A.2d 812, 816 (1970), *cert. denied,* 402 U.S. 973, 91 S.Ct. 1663, 29 L.Ed.2d 138 (1971); *Grimm v. State,* 6 Md.App. 321, 326–27, 251 A.2d 230, 233–34 (1969), *cert. denied,* 397 U.S. 1001, 90 S.Ct. 1150, 25 L.Ed.2d 412 (1970); *Hall v. State,* 5 Md.App. 394, 396–97, 247 A.2d 548, 549–50 (1968); *Scott v. State,* 4 Md.App. 482, 488–89, 243 A.2d 609, 613–14 (1968); *Kist v. State,* 4 Md.App. 282, 284–85, 242 A.2d 586, 587 (1968); *Frey v. State,* 3 Md.App. 38, 44, 237 A.2d 774, 778 (1968). Although none of the foregoing decisions can be considered holdings on the issue now before us, these decisions put a gloss on § 551(a) that evidences the common understanding of the reach of § 551(a) and its predecessors, based on its present tense language.

In its brief to us the State cites cases from ten federal circuit courts of appeal and from numerous state courts in support of the proposition that "the overwhelming majority of courts addressing the present issue have concluded that anticipatory search warrants are constitutional under the Fourth Amendment." Brief of Respondent at 7 (footnote omitted). Under the signal "But *cf.*" the State refers to decisions from Alabama, Colorado, and Iowa that are more pertinent to the issue on which we have focused.

The court in *Ex Parte Oswalt,* 686 So.2d 368 (Ala.1996), construed an Alabama Rule of Criminal Procedure which, based upon a predecessor statute, authorized search warrants. The warrant was to issue if there was probable cause that the property sought " '(1) [w]as unlawfully obtained ... (2) [w]as used as a means of committing ... any offense ... (3) [i]s in the possession of any person with intent to use it as a means of committing a criminal offense ... or ... (4) [c]onstitutes evidence of a criminal offense....' " *Id.* at 371 (italics omitted). The predecessor statute, which the rule "mimicked," required " 'that the evidence be *presently in the possession* of

the person whose premises are to be searched.' " *Id.* at 373. The court concluded there was

> "no intent [by the legislature] to allow the issuance of a search warrant where . . . the crime to which the evidence at issue relates has not yet occurred and the evidence to be seized is not presently in the possession of the person whose premises are to be searched."

*Id.* (italics omitted).

The Colorado search warrant statute, 8A C.R.S. § 16–3–303(1)(d) (1986), requires that the affidavit "establish probable cause to believe that the property to be searched for, seized, or inspected is located at, in, or upon the premises, person, place, or thing to be searched." In *People v. Poirez,* 904 P.2d 880 (Colo.1995), an anticipatory warrant was issued for marijuana that was to be delivered to the defendant's residence. The court held that the language of the statute "creates a barrier to the issuance of anticipatory warrants by judicial officers." *Id.* at 883. Particularly persuasive to the Colorado court was an amendment to Fed.R.Crim.P. 41(a). Prior to 1990 that rule had authorized issuance of a search warrant by certain judicial officers "within the district wherein the property or person sought is located." In 1990 the words of limitation were deleted.[2] The note of the Advisory Committee on the Federal Rules explained that

> "Rule 41(a)(1) permits anticipatory warrants by omitting the words 'is located,' which in the past required that in all instances the object of the search had to be located within the district at the time the warrant was issued. Now a search for property or a person within the district, or expected to be within the district, is valid if it otherwise complies with the rule."

---

**2.** Rule 41(a)(1) now reads:

"Upon the request of a federal law enforcement officer or an attorney of the government, a search warrant authorized by this rule may be issued (1) . . . for a search of property or for a person within the district. . . . "

Since the Colorado legislature had not amended its statute to delete similar language, the court concluded that anticipatory search warrants were not authorized. *See Poirez,* 904 P.2d at 883.

*State v. Gillespie,* 530 N.W.2d 446 (Iowa 1995), construed the Iowa search warrant authorization statute, Iowa Code, § 808.3 (1991). That statute required the sworn application for a search warrant to include "facts, information, and circumstances tending to establish sufficient grounds for granting the application, and probable cause for believing that the grounds exist." Iowa Code, § 808.3 provided that "[u]pon a finding of probable cause for grounds to issue a search warrant, the magistrate shall issue a warrant. . . ." The court concluded "that the plain meaning of these statutes is that probable cause must exist at the time the warrant is *issued* and *not at some future time when the warrant is executed.*" 530 N.W.2d at 448.

The decisions reviewed above deal with statutory language quite analogous to that found in § 551(a) and reach results that are consistent with the gloss placed on § 551(a) by Maryland's appellate courts. Accordingly, we hold that the search warrant in the instant case was not authorized by § 551(a).

## II

For the first time in the entire course of this litigation, the State in its brief in this Court points out that § 551(a) does not embody an exclusionary rule so that a violation of § 551(a) that does not constitute a violation of the Fourth Amendment does not result in suppression of the evidence seized under the warrant. *See Chu v. Anne Arundel County,* 311 Md. 673, 537 A.2d 250 (1988), *aff'g* 69 Md.App. 523, 518 A.2d 733 (1987), and in particular see Judge Moylan's scholarly opinion for the Court of Special Appeals in *In re Special Investigation No. 228,* 54 Md.App. 149, 458 A.2d 820 (1983). This attempt by the State to inject a new issue into the case comes too late. In our discussion of this new issue we shall

assume that the violation of § 551(a) here is *not* also a violation of the Fourth Amendment.[3]

Kostelec raised the limited application of § 551(a) in his motion to dismiss in the circuit court, in his memorandum in support of that motion, and in oral argument before the circuit court. He clearly was asserting that, if his argument based on the construction of § 551(a) were valid, the result that flowed from the issuance of an unauthorized warrant was suppression of the evidence seized under the warrant. In the circuit court, the State did not challenge that conclusion. Its only fallback argument, in the event that § 551(a) were construed as Kostelec contended, was that the warrant nevertheless issued in good faith and, consequently, there should be no suppression under *United States v. Leon,* 468 U.S. 897, 923, 104 S.Ct. 3405, 3421, 82 L.Ed.2d 677, 698–99 (1984).

In his brief to the Court of Special Appeals, Kostelec renewed his statutory construction argument, but, in its brief as appellee, the State made no argument that evidence was not excluded even if § 551(a) were violated on a ground independent of the Fourth Amendment. In its opinion the Court of Special Appeals rejected Kostelec's construction of § 551(a), reasoning that on questions of probable cause the statute should be construed *in pari materia* with the Fourth Amendment. *Kostelec,* 112 Md.App. at 669, 685 A.2d at 1229. For the *pari materia* proposition the court cited *Andresen v. State,* 24 Md.App. 128, 169, 331 A.2d 78, 104, *cert. denied,* 274 Md. 725, *cert. granted on other grounds,* 423 U.S. 822, 96 S.Ct. 36, 46 L.Ed.2d 39 (1975), *aff'd,* 427 U.S. 463, 96 S.Ct. 2737, 49 L.Ed.2d 627 (1976). The Court of Special Appeals in its *Kostelec* also recognized that the *pari materia* statement in *Andresen* had been severely limited by *In re Special Investigation No. 228,* 54 Md.App. at 176–77 & n. 26, 458 A.2d at 833–34 & n. 26. In that context, the Court of Special Appeals included in its opinion the following:

---

**3.** If the violation of § 551(a) also violated the Fourth Amendment then suppression would be available as a remedy under federal law. *Mapp v. Ohio,* 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961).

" '*Compare Anne Arundel County v. Chu*, 69 Md.App. 523, 518 A.2d 733 (1987), *aff'd*, 311 Md. 673, 537 A.2d 250 (1988) (observing, in the context of explaining that § 551(a) is not an exclusionary rule, that in many ways § 551(a) is not *in pari materia* with the Fourth Amendment).' "

*Kostelec*, 112 Md.App. at 670, 685 A.2d at 1229.

When Kostelec petitioned this Court for certiorari, the first issue that he presented included the construction of § 551(a). In its answer to the petition for certiorari the State simply asserted that the Court of Special Appeals "also correctly held that Section 551 of Article 27 does not preclude the issuance of [an] anticipatory warrant." Further, although the Court of Special Appeals had referred to *Special Investigation No. 228* and the *Chu* opinions, the State did not attempt to raise by conditional cross-petition for certiorari the issue that there was no suppression remedy for a violation limited to noncompliance with § 551(a).

"In reviewing a decision rendered by the Court of Special Appeals, this Court ordinarily will consider only an issue that has been raised in the petition for certiorari or any cross-petition." *Batson v. Shiflett*, 325 Md. 684, 700–01, 602 A.2d 1191, 1199 (1992) (citations omitted). *See also County Council of Prince George's County v. Offen*, 334 Md. 499, 508, 639 A.2d 1070, 1074 (1994) (reviewing only the narrow issue of zoning estoppel addressed by the Court of Special Appeals); *Maryland State Police v. Zeigler*, 330 Md. 540, 563, 625 A.2d 914, 925 (1993) (holding that an evidentiary claim was not preserved for review); *Gonzales v. State*, 322 Md. 62, 69, 585 A.2d 222, 225–26 (1991) (refusing to consider an issue in this Court because it was not raised in the petition for certiorari); *NCR Corp. v. Comptroller of the Treasury*, 313 Md. 118, 143, 544 A.2d 764, 776 (1988) (declining to review issue not raised at trial level or in the Court of Special Appeals); *Allgood v. State*, 309 Md. 58, 82, 522 A.2d 917, 929 (1987) (declining to review issue not raised in certiorari petition).

From the time Kostelec filed his motion to suppress in the circuit court through the grant of the writ of certiorari by this

Court, this case proceeded on the assumption by Kostelec and by the representatives of the State that the remedy would be suppression of the evidence if the search warrant were issued in violation of § 551(a). Inasmuch as § 551(a) was violated and there has been no previous challenge to Kostelec's assertion of a right to suppression as the remedy for that violation, the motion to suppress should be granted under the unique procedural history of this case. *See* Maryland Rule 8–131(b)(1).

JUDGMENT OF THE COURT OF SPECIAL APPEALS VACATED. CASE REMANDED TO THE COURT OF SPECIAL APPEALS WITH INSTRUCTIONS TO VACATE THE JUDGMENT OF CONVICTION ENTERED BY THE CIRCUIT COURT FOR HOWARD COUNTY AND TO REMAND THIS CASE TO THE CIRCUIT COURT FOR HOWARD COUNTY WITH DIRECTIONS TO GRANT THE MOTION TO SUPPRESS OF THE PETITIONER, JOSEPH KOSTELEC, AND FOR SUCH FURTHER PROCEEDINGS AS MAY BE CONSISTENT WITH THIS OPINION. COSTS IN THIS COURT AND IN THE COURT OF SPECIAL APPEALS TO BE PAID BY HOWARD COUNTY, MARYLAND.