*State of Maryland v. Purnell Shortall*, No. 31, September Term, 2018.   Opinion by Rodowsky, J.

Post-Conviction – Effectiveness of counsel under *Strickland* standard.   Client convicted of violating environmental regulations proscribing disposal of waste.   Client's disposal was from a building onto ground surface through a pipe.   Penalty statute provided that "[e]ach day on which a violation occurs is a separate violation[.]"   Trial court, at State's request, instructed jury that "every day on which a violation is still present constitutes a separate violation until the violation is corrected."   Trial counsel accepted the State's position and did not except.   As a result client was convicted on eight charges, involving four separate days, absent evidence of any disposal of waste on or about those days.   Convictions were based on inspections observing that client's pipe remained uncapped.

HELD:  Language of statute and regulations are so plainly contrary to State's theory that failure to except to instruction violated *Strickland* standard.   Court of Special Appeals affirmed in reversing post-conviction court.

Circuit Court for Dorchester County
Case No. 09-K-14-015217
Argued: January 4, 2019

IN THE COURT OF APPEALS

OF MARYLAND

No. 31

September Term, 2018

_____

STATE OF MARYLAND

v.

PURNELL SHORTALL

_____

Barbera, C.J.
Greene
McDonald
Watts
Hotten
Getty
Rodowsky, Lawrence F.
    (Senior Judge, Specially Assigned),

JJ.

_____

Opinion by Rodowsky, J.

_____

Filed: April 2, 2019

Pursuant to Maryland Uniform Electronic Legal
Materials Act
(§§ 10-1601 et seq. of the State Government Article) this document is authentic.



Suzanne C. Johnson, Clerk

The principal issue in this certiorari review of an action under the Post-Conviction Procedure Act, Maryland Code (2001, 2008 Repl. Vol., 2017 Supp.) §§ 7-101 through 7-109 of the Criminal Procedure Article (CP), is whether the Respondent, Purnell Shortall, was deprived of his constitutional right to the effective assistance of counsel when counsel did not object to a certain, non-pattern, jury instruction in a prosecution under environmental laws. As we explain below, we shall hold that he was so deprived under the peculiar facts of this case.

Whether the unchallenged instruction was correct turns on the construction of the statute and regulations underlying the criminal charges against Shortall. They are set forth below.

Maryland Code (1982, 2014 Repl. Vol.), Title 9, "Water, Ice, and Sanitary Facilities," Subtitle 3, "Water Pollution Control," § 9-343(a)(1) and (3) of the Environmental Article (Env.), which read in relevant part:

> "(a) *Violating subtitle, rules, regulations, orders, or permits.* — (1) A person … who violates any provision of or fails to perform any duty imposed by a rule, regulation, order, or permit adopted or issued under this subtitle, is guilty of a misdemeanor[.]
>
> …
>
> "(3) Each day on which a violation occurs is a separate violation under this subsection."

Former COMAR 26.04.02.02.E, now D (Reg. D), which reads:

> "D. A person may not dispose of sewage, body, or industrial wastes in any manner which may cause pollution of the ground surface, the waters of the State, or create a nuisance."

And former COMAR 26.04.02.02.F, now E (Reg. E), which reads:

> "E. A person may only dispose of sewage, body, or industrial wastes in accordance with an approved on-site sewage disposal permit or other method of disposal approved by the Approving Authority."

The unchallenged instruction requested by the State told the jury that "[p]ursuant to Maryland law for these specific charges every day on which a violation is still present constitutes a separate offense until the date the violation is corrected."

**Background Facts**

At all relevant times Shortall owned, either directly or through a legal entity controlled by him, the property at or near 11523 Cordova Road in Cordova, Talbot County, Maryland, where he conducts a building supply business. In addition to the main building on the property, and at least 500 to 600 feet from it, on the south/southeast side of the property is a maintenance building. Body waste disposal from the main building is directed to an approved septic system. This case concerns body waste disposal from the maintenance building.

On December 5, 2012, two inspectors from the Maryland Department of the Environment were on the Shortall property for a routine inspection when they observed some human feces and toilet paper on the ground near the open end of a PVC pipe that was protruding from an earthen embankment about ten to fifteen feet from the maintenance building. The inspectors traced the pipe to a toilet and sink that had been installed, *sans* permit, in a restroom in the maintenance building. Inspectors, from the Maryland Department of the Environment, from the Talbot County Health Department, or from both, visited the site on December 6 and 7, 2012, January 24, 2013, and March 15, 2013. The

2

witnesses for the State in Shortall's criminal prosecution testified as to what they observed at or near the open end of the PVC pipe on the follow-up visits to the property, but that evidence is not relevant to this certiorari review, as we explain *infra*. A Regulatory Compliance Engineer for the Maryland Department of the Environment inspected the pipe on May 3, 2013, and found the end tightly capped.

## Procedural History

Although initially filed in the Circuit Court for Talbot County, the criminal charges against Shortall were immediately removed on February 20, 2014, to the Circuit Court for Dorchester County. The criminal information was drawn by a special prosecutor from the Attorney General's Office. That document consisted of twenty counts, ten of which were dismissed by the court at the conclusion of the State's case. Five of the remaining counts respectively charged in the language of Reg. D that, on one of the days of the five pre-capping inspections, Shortall had violated Reg. D "by disposing of sewage in any manner which may cause pollution[.]" The other five remaining counts respectively charged in the language of Reg. E that, on one of the days of the same five pre-capping inspections, Shortall had violated Reg. E "by failing to dispose of sewage in accordance with an approved permit[.]"

At trial, the State relied on a continuing violation theory, but we cannot determine from the record before us when Shortall first learned of that. It is clear, however, that on August 4, 2014, the day preceding the first day of trial, the State had distributed its requested instructions, including No. 13, which stated that "every day on which a violation is still present constitutes a separate offense until the date the violation is corrected."

3

When the State rested its case on the first day of trial, August 5, 2014, Shortall moved for judgments of acquittal on all counts. In the course of that argument the court asked the State, "[w]hat proof do we have that there was any … human waste deposited there after December 5th?" The prosecutor replied: "It's a continuing violation offense by the penalty Statute of itself until the matter is stopped, until the pipe is capped until it's … physically not possible to do it anymore."

After it was determined on the second trial day, August 6, 2014, that Shortall would not testify, the court and counsel reviewed the requested instructions in chambers. The court included in its jury charge the State's continuing violation instruction, verbatim. Defense counsel had no exceptions.

In its opening summation the State told the jury that it could charge Shortall for every day on which the water had not been turned off in the bathroom. Defense counsel argued that the State's "continuing offense charge" was "somewhat offensive" because the inspectors had said that "on December 5 [Shortall] disposed of waste" but thereafter the inspectors had talked "about the same waste, the same sewage." Counsel submitted that Shortall had not "committed a new crime."

The jury found Shortall guilty on the ten remaining counts and sentence was imposed on September 15, 2014. He did not appeal.

Shortall filed for post-conviction relief in the Circuit Court for Dorchester County through his present appellate counsel on April 20, 2015. He alleged, *inter alia*, the denial of effective assistance of counsel based on the trial counsel's failure to object to the continuing violation instruction. Set forth below is trial counsel's entire response at the

4

post-conviction hearing to questioning by Shortall concerning the lack of exception to the

instruction complained of.

> "[I]nititally we wanted to exclude anything that would be -- that would reference a continuing violation. So we researched that. And coupled with our research and the cases that [the State] had provided *we did not think that we had the legal argument*. We met in chambers to go over all of the jury instructions and it is my recollection the continuing violation matter came up and [the trial judge] questioned [the State] about that and then accepted that jury instruction. And [the trial judge] raised that issue.
>
> "Q.     And did you discuss your concern to that issue with [the trial judge]?
>
> "A.     No. At that point I was resolved to *I thought that the State was correct*.
>
> "Q.     And what was the scope of what you evaluated for purposes of that instruction? In other words, you said you looked at the cases that [the State] provided. Did you look beyond those cases for example in other States or Federal jurisdictions?
>
> "A.     Honestly, I believe we called your office.
>
>  ….
>
> "A.     Yes, and spoke with you. But outside of that we had -- no, I can't say that definitively we had looked at any Federal regulations or other States. We researched Maryland law to see if we could -- what we could do with the continuum."

(Emphasis added).

The post-conviction court denied Shortall's petition. With respect to the trial

counsel's above quoted conclusion that court said:

> "This is a reasonable interpretation of the law, as there is no controlling Maryland authority as to whether the continuing violation doctrine applies in cases involving environmental crimes, and, logically, the adverse impact of disposing of pollutants obviously continues until the remedy is imposed. In

short, this is an unsettled question of law, and there are merits to both positions."

The Court of Special Appeals, on reconsideration of Shortall's petition, granted him leave to appeal the question of alleged ineffective assistance based on the unchallenged jury instruction. That court affirmed the two verdicts of respectively violating Regs. D and E on December 5, 2012, and remanded for a resentencing hearing on those two guilty verdicts. *Shortall v. State*, 237 Md. App. 60, 183 A.3d 820 (2018). The court held that the unchallenged instruction was not a correct statement of the law. *Id*. at 81, 183 A.3d at 832. The court then held that trial counsel was ineffective under the standard of *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), in failing to except.

> "A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable."

*Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064.

The Court of Special Appeals based its statutory construction holding on the plain language of the statute and incorporated regulations. The court correctly reasoned:

> "The regulations Shortall was charged with having violated each use the word 'dispose,' and impose a duty to avoid taking a specific action, with no mention of a duty to mitigate or remediate the harm to the environment that may have been caused by the disposal. Pursuant to this plain language, the State was required to prove that an act of disposal had 'occur[red]' on '[e]ach day' the State charged as a separate violation of either [regulation]."

*Shortall*, 237 Md. App. at 78, 183 A.3d at 831 (footnote omitted).

6

Next, the court held that there was not sufficient evidence to find that the inspectors observed a disposal of waste when they made any of their inspections other than that of December 5, 2012. *Id.* at 79, 183 A.3d at 831.

Turning to the first prong of *Strickland*, the court held that trial counsel's representation of Shortall was deficient in that the failure to object to the continuing violation instruction was an error "so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064. In explanation of its conclusion, and rejecting the post-conviction court's analysis, the court said:

> "But it does *not* logically follow that trial counsel provides effective assistance of counsel by failing to object to a jury instruction that is based upon 'an unsettled question of law' and deviates from the statutory language in a material manner that is prejudicial to the defendant. If there is a potentially meritorious argument that the instruction is erroneous, and there is no possible strategic benefit to the defendant from having the jury receive the arguably incorrect instruction, defense counsel renders deficient performance by failing to preserve that point for appeal. Here, the instruction that had been proposed by the State was not a pattern instruction that had been approved by any Maryland appellate court or recognized authority on Maryland jury instructions; there was no controlling Maryland case law addressing liability for multiple violations of these regulations; the language of the instruction was materially different from the language of the applicable statute; and the words used in the court's non-pattern instruction made it far more likely that the defendant would be convicted of multiple violations than would have been the case if the court's instruction had more closely tracked the words used in the statute and regulations. All of these reasons for objecting to the instruction were—or should have been—obvious to defense counsel, and should have prompted an objection to preserve these arguments[.]"

*Shortall*, 237 Md. App. at 81-82, 183 A.3d at 832-33 (emphasis in original).

7

In order to find that there has been a deprivation of the right to the effective assistance of counsel the petitioner must also show a reasonable possibility of prejudice as a result of the deficiency. *Walker v. State*, 391 Md. 233, 245-46, 892 A.2d 547, 554 (2006); *Bowers v. State*, 320 Md. 416, 424-25, 578 A.2d 734, 738 (1990). The Court of Special Appeals found prejudice in the eight convictions that were dependent on the unchallenged instruction. *Shortall*, 237 Md. App. at 82-83, 183 A.3d at 833-34.

The State petitioned this Court for a writ of certiorari, presenting two questions:

"1. Did the Court of Special Appeals misapply the *Strickland v. Washington*, 466 U.S. 668 (1984), standard when it reversed the post-conviction court's determination that counsel was not ineffective for failing to object to a continuing violation jury instruction?

"2. Assuming the Court of Special Appeals correctly determined that trial counsel was ineffective for failing to object to a continuing violation jury instruction, did the Court of Special Appeals err by ordering the vacating of Shortall's convictions instead of remanding for a new trial?"

Shortall cross-petitioned, raising one question:

"Whether the [Court of Special Appeals] erred in not ordering a new[] trial on all counts after finding the defendant had ineffective assistance of counsel at trial."

We granted both petitions. *Shortall v. State*, 460 Md. 493, 190 A.3d 1036 (2018).

It is important initially to note what the State's petition does not seek to have reviewed. The State does not contend that the Court of Special Appeals erred in its construction of Env. § 9-343(a)(1) and (3), in its construction of Regs. D and E, or in its analysis of the interplay between the provisions. Nor does the State's petition ask us to rule that the evidence was sufficient to support a finding of regulatory violations based on observations made by the inspectors on days other than December 5, 2012.

8

## Discussion

### I. *Strickland*

### A. Effectiveness of Counsel

The State submits that trial counsel was not ineffective when judged by the *Strickland* standard. It is "an objective standard of reasonableness." *Strickland*, 466 U.S. at 688, 104 S. Ct. at 2064. The facts are to be "viewed as of the time of counsel's conduct," *id.* at 690, 104 S. Ct. at 2066, and the scrutiny of counsel's conduct "must be highly deferential." *Id.* at 689, 104 S. Ct. at 2065. The post-conviction court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance[.]" *Id.*

Shortall was charged with statutory violations which criminalize and penalize regulatory violations. When trial counsel undertook the defense of those charges, it was imperative that he analyze the statute and underlying regulations in relation to the facts. Under Env. § 9-343(a)(3) "[e]ach day on which a violation occurs is a separate violation[.]" The question then becomes when and how does a violation of Regs. D and E occur. Under the plain language of the regulations, violations occur when one disposes of waste under prohibited circumstances, (1) "in any manner which may cause pollution of the ground surface," or (2) without "an approved on-site … method of disposal[.]"

Webster's Third New International Dictionary defines "dispose" to mean:

"to get rid of : throw away : DISCARD[.]"

WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 654 (1976).

9

The State's theory of the case at the criminal trial does violence to established rules of construction. Under the State's theory the waste observed on December 5, 2012, was thrown out or away each day until the pipe was capped. Words are not to be deleted from a statute, but the State, as to eight of the ten charges, would delete "dispose" from the regulations. Nor should words be added to a statute, but the State in its requested instruction added that a violation continues until "the violation is corrected." *Price v. State*, 378 Md. 378, 387, 835 A.2d 1221, 1226 (2003) ("A court may neither add nor delete language so as to reflect an intent not evidenced in the plain and unambiguous language of the statute[.]"); *Smack v. Dep't of Health and Mental Hygiene*, 378 Md. 298, 305, 835 A.2d 1175, 1179 (2003) ("Words may not be added to, or removed from, an unambiguous statute in order to give it a meaning not reflected by the words the Legislature chose to use[.]" (Citation omitted).). Neither Reg. D nor Reg. E imposes any duty to remediate damage or to dismantle a system. Only waste disposal is prohibited.

The case went to the jury on eight counts based on the State's continuing offense theory. Counsel's failure to except to that instruction and thereby preserve appellate review based on the plain language of the statute and regulations fell below an objective standard of reasonableness.

At the post-conviction hearing trial counsel explained that he thought that the continuing violation instruction was a correct statement of the law based on the authorities cited by the State in support of its requested instruction. Reasonably competent counsel, however, would have had no difficulty in showing the lack of relevance of those authorities.

10

The State cited *Duncan v. State*, 282 Md. 385, 384 A.2d 456 (1978). There, a police officer was charged with misconduct in office for having received stolen goods. He raised a one-year statute of limitations defense. The State countered that it had charged a continuing offense. This Court held that the wrongful retaining of property was not a continuing offense. *Id.* at 392-94, 384 A.2d at 461. We explained that

> "[o]rdinarily, a continuing offense is marked by a continuing duty in the defendant to do an act which he fails to do. The offense continues as long as the duty persists, and there is a failure to perform that duty."

*Id.* at 390, 384 A.2d at 459.

In the instant matter the duty was not to dispose of waste on any given day. So long as Shortall was not disposing of waste, he was in compliance with the law on that day.

*State v. Barnes*, 273 Md. 195, 208, 328 A.2d 737, 745 (1974), also cited by the State, stands for the proposition that remedial statutes should be liberally construed. Here we deal with a criminal statute.

The State also generally referenced in support of its instruction request a comment that "explore[d] the circumstances in which courts have applied the continuing violations doctrine under federal environmental statutes and conclude[d] that such application should be sensitive to the particular context in which the continuing violations issue arises." *Application of the Continuing Violations Doctrine to Environmental Law*, 23 Ecology L.Q. 723, 725 (1996). The context here is "each day on which a *violation occurs*." (Emphasis added).

When asked by post-conviction counsel whether he had researched foreign state or federal law, trial counsel responded that he believed he had called the office of, and spoken

11

with, post-conviction counsel. That was the totality of the evidence on that consultation. It did not describe any analysis of the specific violations charged against Shortall. Further, the telephone conversation could not have addressed the status of the evidence at the time when the criminal case went to the jury.

The minimal relevance of the sources consulted by trial counsel is so far outweighed by the plain language of Env. § 9-343(a)(1) and (3) and of Regs. D and E that a competent defense counsel could not acquiesce in the continuing offense instruction and be in compliance with the *Strickland* standard.

*Testerman v. State*, 170 Md. App. 324, 907 A.2d 294 (2006), *cert. granted*, 397 Md. 396, 918 A.2d 468, *and cert. dismissed*, 399 Md. 340, 924 A.2d 308 (2007), demonstrates that the representation by trial counsel in the instant matter was below the *Strickland* standard. Testerman was charged, *inter alia*, under former § 21-904(d) of the Transportation Article with eluding a uniformed police officer. Subsection (b) of the statute prohibited eluding by "willfully failing to stop the driver's vehicle." Subsection (c) of the statute prohibited eluding "by fleeing on foot." Subsection (d) prohibited eluding "by any other means." It was undisputed that Testerman "changed seats with his front seat passenger after complying with a request by a police officer to stop his vehicle." *Id*. at 336, 907 A.2d at 301.

Trial counsel for Testerman had not preserved the statutory construction defense, namely, that the "other means" prohibition did not embrace changing seats with a passenger. Nevertheless, because the record was clear as to the critical facts, the Court of Special Appeals considered whether, and concluded that, trial counsel had been ineffective

12

in failing to preserve the issue. In reaching that conclusion, the court applied the statutory axiom *ejusdem generis*. Because Testerman had stopped and did not flee on foot and because switching seats did not fall within the classes of the two specific prohibitions, there was no subsection (d) violation. The court then held that trial counsel's failure to move for a judgment of acquittal on that basis "'fell below an objective standard of reasonableness[.]'" *Id*. at 343, 907 A.2d. at 305.

In the case before us the unpreserved defense is plain on the face of the statute. The enactment need not be massaged by any rule of construction. *A fortiori* Shortall's legal representation was below the *Strickland* standard as to effectiveness.

## B. Prejudice

The prejudice prong of *Strickland* was satisfied in the judgment of the Court of Special Appeals because the reasonable probability was that the ineffectiveness of trial counsel resulted in Shortall's conviction on eight of the ten counts submitted to the jury because of the erroneous instruction. The State asserts a lack of prejudice because the trial court merged the sentencing on those eight counts into the two counts that were based on the December 5, 2012, observations by the State inspectors. But the undeserved convictions, in and of themselves, are prejudicial.

The State also argues that Shortall, by not having communicated to trial counsel a request to file an appeal, waived his right to challenge the instruction through a post-conviction claim based on deprivation of the right to effective counsel. A waiver is a voluntary relinquishment of a known right. *Smith v. State*, 394 Md. 184, 201, 905 A.2d 315, 325 (2006) ("We have defined waiver as 'the intentional relinquishment of a known

13

right.'"). *See also McElroy v. State*, 329 Md. 136, 140, 617 A.2d 1068, 1070 (1993) (A knowing and intelligent waiver of fundamental constitutional rights will be found on post-conviction only if the defendant's knowledge of the right and personal waiver were reflected in the record.). The record presents no basis for concluding other than that Shortall's trial counsel, during the period when he was advising concerning a possible appeal, continued to labor under the mistaken belief that the continuing offense instruction was an accurate statement of the law applicable to the facts of this case. Shortall did not waive a known right.

Even if the continuing offense instruction had not been granted, the State argues that the jury, nevertheless, "may well have concluded" that Shortall was guilty on all ten counts. The argument is that the evidence could have supported finding five separate disposals of waste. The Court of Special Appeals held that "the plain language of the regulations at issue and Env. § 9-343(a)(3) do not support ten separate convictions for the two regulatory violations that were established by the evidence[.]" *Shortall*, 237 Md. App. at 76, 183 A.3d at 829-30. The State did not petition for, and our grant of certiorari did not embrace, a review of the sufficiency of the evidence. We do not consider this argument. *Kostelec v. State*, 348 Md. 230, 242, 703 A.2d 160, 166 (1997); *State v. Broberg*, 342 Md. 544, 571-72, 677 A.2d 602, 615 (1996) ("[W]here an issue has been put forth as an alternative basis for upholding the conviction, this Court has consistently refused to consider that issue if it was not raised in a certiorari petition, a cross-petition, or the order of this Court granting the petition."); *Batson v. Shiflett*, 325 Md. 684, 700-01, 602 A.2d 1191, 1199 (1992); *Robeson v. State*, 285 Md. 498, 502, 403 A.2d 1221, 1223 (1979) ("[T]his Court will not

14

ordinarily consider an issue which was not raised in the petition for a writ of certiorari, in a cross-petition or in the Court's order granting certiorari."), *cert. denied*, 444 U.S. 1021, 100 S. Ct. 680, 62 L. Ed. 2d 654 (1980); Md. Rule 8-131(b)(1) ("[I]n reviewing a decision rendered by the Court of Special Appeals …, the Court of Appeals ordinarily will consider only an issue that has been raised in the petition for certiorari or any cross-petition[.]").

In the case at bar the prejudice lies in Shortall's having been convicted, mistakenly, on eight counts. In a more typical case of mistaken conviction a crime has been committed in fact and in law, but there was trial court error or an erroneous attribution of criminal agency. Here, the conduct for which Shortall mistakenly was convicted was not a crime in fact or in law. Under the facts of this case a crime existed only as a creation of the unchallenged instruction.

## II. New Trial

Both parties contend that the proper remedy, if Shortall was not effectively represented, is a new trial. The State would have a new trial embrace all ten counts while Shortall limits the relief sought in his cross-petition for certiorari to counts 2 and 3 alleging violations on December 5, 2012. We reject both positions.

The State says that a complete new trial "would provide a renewed opportunity to apply the intermediate appellate court's explanation of the continuing violations law to the facts of this specific case." In other words, the State wants another bite at the apple. This is not permitted. *Denisyuk v. State*, 422 Md. 462, 487 n.10, 30 A.3d 914, 928 (2011), *abrogated on other grounds by Miller v. State*, 435 Md. 174, 77 A.3d 1030 (2013);

15

*Southern v. State*, 371 Md. 93, 107, 807 A.2d 13, 21 (2002) ("Rule 8–604(d) does not permit such a remand for the purpose of introducing new evidence in cases where a party, like the State here, failed to sustain its burden of proof on an issue both raised in a motion to suppress and argued at the hearing on that motion. Because the State did not sustain this burden, allowing the State to introduce new evidence on remand, *i.e.* taking a second bite at the apple, is an improper application of Rule 8–604(d) and undermines the State's burden during the suppression proceedings in this case."). Rather than try the case on eight of the offenses on the theory alleged in the charging document, the State convinced the trial court that the disposal of waste which was observed on December 5, 2012, legally could continue as eight additional violations until the pipe was capped. The prosecution does not get a second chance to prove its case by a different theory.

Shortall submits that he is entitled to a new trial on counts 2 and 3 because "the legally improper Continuing Violation Theory instruction was inevitably used by the jury to convict him." The argument of the cross-petitioner seems to be that the waste observed by the inspectors on December 5, 2012, was not originally disposed of on that date, so that the jury used the continuing violation theory to convict on counts 2 and 3. Shortall does not dispute that the observations on December 5, 2012, sufficed to establish that there had been a recent violation of each of Regs. D and E under a proper construction and application of those regulations and of Env. § 9-343(a)(1) and (3). Nor has Shortall ever contended that he was prejudiced by a variance as to the date of violation between the *probata* and the *allegata*. The purported error is harmless beyond a reasonable doubt.

16

For all the foregoing reasons, we shall affirm the judgment of the Court of Special Appeals.

**JUDGMENT OF THE COURT OF SPECIAL APPEALS AFFIRMED. COSTS IN THIS COURT TO BE PAID NINETY PERCENT (90%) BY DORCHESTER COUNTY AND TEN PERCENT (10%) BY THE CROSS-PETITIONER, PURNELL SHORTALL.**